by plaintiff. Defendant offered no evidence, but relied upon its contention that there was no evidence from which the jury could find that plaintiff was injured by its negligence.

Plaintiff, an employee of defendant, was required to go upon a bridge, 108 feet in length and constructed on a grade of about 14 per cent, over which there was a "skidway" upon which certain logs had become "jammed," for the purpose of dislodging the logs. After plaintiff had dislodged these logs, some 15 or 16 in number, they moved down the skidway so rapidly that plaintiff was thrown down among the logs and injured. No provision was made in the construction of the bridge for plaintiff to escape or get out of the way of the logs when they broke and started down the skidway. There was evidence from which the jury could find that defendant had failed to exercise due care to provide a reasonably safe place for plaintiff to work, and that this breach of duty was the proximate cause of plaintiff's injuries. The jury found that plaintiff did not by his own negligence contribute to his injury, and that he did not assume the risk, as alleged in the answer.

The judgment that plaintiff recover of defendant his damages as assessed by the jury is affirmed. There is

No error.

---

### SOLOMON MALOOF v. FLOYD MOTOR COMPANY.

(Filed 10 June, 1927.)

**Evidence—Bailment—Fires—Negligence—Burden of Proof.**

> Where an automobile is kept in a garage for repair and has been destroyed by fire, the burden is on the defendant to show that it was not negligent to rebut the doctrine of *res ipsa loquitur*, under the decision in *Beck v. Wilkins*, 179 N. C., 231.

CIVIL ACTION, before *Harding, J.,* at October-November Term, 1926, of SWAIN.

The plaintiff instituted an action against the defendant for damages for the loss of his automobile, which was burned while in the possession of the defendant. There was no evidence as to the origin of the fire which injured plaintiff's automobile.

The narrative of the occurrence was thus expressed by one of the witnesses for the defendant: "The first intimation I heard of the fire, I was downstairs in the office and heard an explosion of some kind, a noise, and I immediately ran upstairs and run up there and found a

MALOOF *v.* MOTOR CO.

flame in the room. I don't know what was the cause of the fire. I have never been able to ascertain the cause of the fire. I have been trying to find out."

Issues of negligence and damage were submitted to the jury, and $300 was awarded to the plaintiff.

From judgment upon the verdict, the defendant appealed.

*J. N. Moody and Thurman Leatherwood for plaintiff.*
*S. W. Black and T. D. Bryson for defendant.*

PER CURIAM. The essential facts of the present case are the same as appear in the case of *Beck v. Wilkins,* 179 N. C., 231, and the principles of law announced in that case are decisive of this controversy.

No error.

---

## CASES FILED WITHOUT WRITTEN OPINIONS

ANGELO v. WINSTON-SALEM.

COOPER v. WOOD & CO.

WORLEY v. TAYLOR.

YELVERTON v. YELVERTON.

---

## DISPOSITION OF APPEALS FROM SUPREME COURT OF NORTH CAROLINA TO THE SUPREME COURT OF THE UNITED STATES

M. A. Inge *v.* Seaboard Air Line Railway Co. Petition for writ of *certiorari* denied.

E. J. Angelo et al. *v.* City of Winston-Salem et al. Affirmed on writ of error.

George L. Wimberley, Jr., Admr., *v.* Atlantic Coast Line R. R. Reversed on writ of *certiorari.*