## A. C. BECK v. WILKINS-RICKS COMPANY.

### (Filed 25 February, 1920.)

**1. Bailment—Garage—Automobiles—Ordinary Care—Negligence.**

The defendant owner of a garage, who has received the plaintiff's automobile for repairs, is regarded as a bailee, and is not liable for the failure to return the property in good condition when he has observed the ordinary care devolved upon him by his bailment.

**2. Same—Burden of Proof—Res Ipsa Loquitur—Evidence—Nonsuit—Trials.**

Where the owner of a garage receives an automobile for repair, and it is destroyed by fire in the garage after the owner had called for it at the time specified, but kept longer therein for the garage man to repair it, in his action for damages the owner of the automobile has the burden of proving, throughout the trial, that the damage was caused by the defendant, but having shown the destruction of his machine by fire, as stated, the defendant must go forward with his proof to rebut the *prima facie* case established, under the doctrine of *res ipsa loquitur*, and a judgment as of nonsuit upon plaintiff's evidence will be denied.

ALLEN, J., dissenting.

APPEAL by plaintiff from *Connor, J.,* at September Term, 1919, of LEE.

Action for damages for the destruction of an automobile while in the defendant's garage for repairs. It was in evidence that the plaintiff carried his car to the garage for certain minor repairs, and was to call for it at noon, it being understood that he would need it at that time. When he called for it at that time he was told that it would take only a short time longer, not more than 30 minutes. The plaintiff then stated that he would call for it when he came back from dinner, but being delayed, he went at 5 p.m. and found his automobile torn down and the defendant's employees grinding the valves, which had not been authorized by plaintiff. The answer admits that the machine was not in such condition that it could be removed that afternoon. It is alleged in the complaint and admitted in the answer that during that night the building was destroyed by fire and the car with it. The complaint alleges the liability for negligence, and also for departure from the terms of the bailment, and also a promise to pay by the company after the destruction of the machine. At close of plaintiff's evidence the court sustained a motion for judgment as of nonsuit, and the plaintiff excepted and appealed.

*E. L. Gavin, Williams & Williams, and Hoyle & Hoyle for plaintiff.*
*Seawell & Milliken for defendant.*

CLARK, C. J.   The defendant, as bailee, assumed liability of ordinary care for the safe keeping and the return of the machine to the bailor in good condition.   The bailee did not assume liability as insurer, and therefore did not become liable for the nonreturn of the property in good condition, if he observed the ordinary care devolved upon him by reason of the bailment.   If the machine had been injured, or stolen, or destroyed by fire while in his custody, the defendant would not be liable if such care had been observed.   On the other hand, the mere fact that the property had been destroyed by fire or stolen did not absolve him from responsibility, any more than he would have been absolved if it had been injured in his custody, unless he had shown that he had used the care required of him by virtue of his bailment.   The burden of proving negligence was on the plaintiff, and this burden does not shift, but when it was shown, or admitted, that the machine was not returned by reason of its being destroyed, or stolen, or that it was returned in injured condition, it was the duty of the defendant "to go forward" with proof to show that it had used proper care in the bailment.   Therefore, it was error for the court to withdraw the case from the jury, and thus to hold, as a matter of law, that the defendant had exercised proper care.

The law is admirably summed up and stated, upon a review of all the authorities, 6, Corpus Juris, pp. 1157-1160, as follows:

"Sec. 156.   In an action to recover the bailed property, the burden of proof is on the bailor to. establish the bailment, and the failure to return the property in accordance with the contract."

"Sec. 158.   The rule is undoubted that in all actions founded upon negligence, or a culpable breach of duty, the burden is on plaintiff to establish negligence by proof.   This principle is recognized by all the authorities as applicable between bailor and bailee, and the only conflict is on the question whether the loss of, or damage to, the goods while in the bailee's possession raises such a presumption of negligence on his part as to establish a *prima facie* case against him."

"Sec. 159.   In some of the old decisions it was held that the loss or injury raised no presumption of negligence.   The bailee is not an insurer of the goods, and when they are lost or damaged, it was said that the law, which never presumes any man negligent, would rather attribute the loss to excusable causes.   It was not enough for plaintiff to prove the loss or injury, but it was held that he must go. further and must show that the same had occurred by defendant's negligence."

"Sec. 160.   *The Modern Rule.*   The rule adopted in the more modern decisions is that the proof of loss or injury establishes a sufficient *prima facie* case against the bailee to put him upon his defense.   Where chattels are delivered to a bailee in good condition and are returned in a damaged state, or are lost or not returned at all, the law presumes negli-

gence to be the cause, and casts upon the bailee the burden of showing that the loss is due to other causes consistent with due care on his part. But if the possession of the bailee has not been exclusive of that of the bailor, the rule does not apply. In order to throw the burden of evidence upon the bailee it is sufficient that the bailor has shown damage to the bailed article that ordinarily does not happen where the requisite degree of care is exercised."

The above is sustained by the almost uniform authorities cited in the notes to the above, and the reasons are thus summed up:

"1. *Reasons of the Rule.* Since the bailor is generally at a disadvantage in obtaining accurate information of the cause of the loss or damage, the law considers he makes out a case for the application of the rule of *res ipsa loquitur* by proof of the bailment, and the failure of the bailee to deliver the property on proper demand." *Corbin v. Cleaning Co.,* 181 Mo. App., 167.

"2. The rule rests upon the consideration that where the bailee has exclusive possession the facts attending loss or injury must be peculiarly within his own knowledge. Besides, the failure to return the property, or its return in an injured condition, constitutes the violation of a contract, and it devolves upon the bailee to excuse or justify the breach." *Nutt v. Davidson,* 54 Colo., 588; 44 L. R. A. (N. S.), 1170.

"3. The rule is founded in necessity, and upon the presumption that a party who, from his situation, has peculiar, if not exclusive knowledge of facts, if they exist, is best able to prove them. If the bailee, to whose possession, control, and care the goods are entrusted, will not account for the failure or refusal to deliver them on demand of the bailor, the presumption is not violent that he has been wanting in diligence, or that he may have wrongfully converted or may wrongfully detain them; or if there be injury to, or loss of them, during the bailment, it is but just that he be required to show the circumstances, acquitting himself of the want of diligence, it was his duty to bestow." *Davis v. Hurt,* 114 Ala., 150, approved *Hackney v. Perry,* 152 Ala., 633.

In 6 Corpus Juris, 1160, the conclusion from the long list of authorities and citations in the notes is thus summed up: "The burden of proof of showing negligence is on the bailor and remains on him throughout the trial. The presumption arising from the injury to the goods or failure to redeliver is sufficient to satisfy this burden and make out a *prima facie* case against the bailor; but the bailee may overcome this presumption by showing that the loss occurred through some cause consistent with due care on his part." This summing up is based, among other citations upon the very clear statement of this Court by *Walker, J.,* in *Hanes v. Shapiro,* 168 N. C., 31, in which, after stating that some of the old authorities were somewhat different, *Walker, J.,* says: "But

the better opinion, supported by the weight of authority, holds that while the burden of proving negligence rests upon the plaintiff, and does not shift throughout the trial, the burden of proceeding does shift, and that where the plaintiff has shown that the bailee receives the property in good condition, and failed to return it, or returned it injured, he has made out a *prima facie* case of negligence."

He further says (page 32) : "Unless the bailee overcomes this *prima facie* case by satisfying the jury that the loss or damage was consistent with the absence of fault on his part, the plaintiff may prevail." And he further says (p. 33) : "But those rules are, of course, subject to the qualification that the bailee is bound, in all proper instances, when intrusted with the bailee's property, to exercise due care with respect to the subject." This entitled the plaintiff to have the facts of this case submitted to the jury.

The authorities to the above effect are numerous, and the more recent authorities are uniform to that effect.

While the destruction or loss of property is not conclusive of negligence, the failure to return the property does devolve upon the defendant the burden of going forward with proof to show that it discharged its duty of requisite care of the property while in its custody. It would be singular if the mere fact that the property was destroyed or stolen or injured was conclusive that the bailee had exercised proper care. It had the best knowledge of the facts, and if proof thereof was not forthcoming the presumption is that it could not produce it.

To the same effect are the other text-books and authorities. In 3 R. C. L., 151 (Bailment, sec. 74), where explaining the apparent conflict of the later with the older cases on this point as due to the confusion between "the burden of the proof" and "duty of going forward," it is said : "The general rule, at least in the United States, seems to be that where a bailor alleges and proves simply the delivery of the property to the bailee, and the latter's failure to return it on demand, a *prima facie* case is made out against the bailee." *Ibid,* p. 152 (sec. 75), it is said that there are authorities which support the broad doctrine that "the burden of proving freedom from negligence by the preponderance of the evidence, where the property is damaged, or destroyed, is on the bailee, although it would seem that some of the cases contain language which indicate that it must be taken simply as authority for the proposition that, in case of injury to or loss of the property, the burden of overcoming a presumption of negligence rests on the bailee."

In 2 R. C. L., 1210 (Automobiles, sec. 46), it is said: "It may be accepted as settled that persons operating a garage are required to exercise reasonable care to protect and preserve automobiles placed in their custody for storage or repairs, and if an automobile so placed is injured

or destroyed on account of negligence of the garage keeper or his servants while acting within the scope of their authority the garage keeper is liable therefor. . . . On proof of the delivery of a car into a garage, if the garage keeper is unable by reason of the destruction of a car, to make return thereof, the burden is cast on him to show that the car was not destroyed by his negligence."

In Hale on Bailments, 241, it is said that, "A failure or refusal by a warehouseman to deliver, on demand, goods entrusted to him, or the return of the goods in a damaged condition, is *prima facie* evidence of negligence sufficient to cast upon him the burden of accounting for non-delivery. In other words, the burden of proving negligence rests on plaintiff throughout, but the weight of evidence shifts," citing authorities. It is further said that "The burden of the proof does not shift, but that the failure to return, or the destruction, or injury, of the property is such *prima facie* evidence of negligence that there devolves upon the bailee the duty of going forward with proof that he exercised proper care."

This is simply another way of saying that the failure to return the goods in good condition is a breach of the contract of bailment, which, if unexplained, entitles the bailor to recover, and that when the bailee claims that the property has been destroyed, or stolen, or injured without any fault on its part—it is called on to put on some proof of the circumstances thereof. These occurrences being out of the ordinary course of events, and the facts being peculiarly in the knowledge of the bailee, are sufficient evidence of negligence to carry the case to the jury.

The whole subject is exhaustively discussed in the text and notes to 6 Corpus Juris, and R. C. L., above cited, and we think the present doctrine on the subject, and the reason of the thing, is nowhere more clearly set out than in the quotation from *Hanes v. Shapiro,* above set out in Corpus Juris from the opinion of *Mr. Justice Walker,* which we think states accurately the correct conclusion.

It would be a singular proposition if the plaintiff, who has entrusted his property to the care of the defendant, should find the latter protected from liability for loss of, or injury to, the property without any proof of the discharge of his duty as bailee, though such evidence is in his special knowledge, unless the plaintiff (who is often a stranger) shall grope around among the defendant's employees to find evidence of the negligence of their employer or of their coemployees. The destruction or theft of the property, or injury thereof, not being in the ordinary course, calls upon the bailee to explain it just as a collision or derailment is *prima facie* negligence, which carries the case to the jury. *Marcom v. R. R.,* 126 N. C., 200, and citations in Anno. Ed.

In this case there was some additional evidence tending to show negligence, among others the fact that there was, on the day the machine was

left in the garage, remains of half-smoked cigarettes lying around, and that after the fire the representative of the defendant promised to pay for the loss of the machine. This evidence must be taken as true upon a nonsuit with all just inferences that can be drawn therefrom as for instance that the agent of the company had information that negligence caused the fire.

We need not, however, discuss (as the case goes back for a new trial) whether the defendant is bound by such promise for the authority of the party making such agreement is not fully brought out in the evidence. For the same reason, also, we need not consider the exceptions by the plaintiff to the evidence.

It is sufficient to say, upon the above authorities, that the failure of the bailee to return the property, with the admission that it has been burned, made out a *prima facie* case, which devolved upon the defendant the duty of going forward with proof that it had discharged its duty of proper care while entrusted with the custody of the plaintiff's automobile. Upon the evidence, this was the proper subject of inquiry, which the plaintiff was entitled to have investigated by the jury. The judgment of nonsuit is

Reversed.

ALLEN, J., dissenting: The plaintiff delivered his automobile to the defendant to be repaired in its garage, and it was destroyed by fire. There is no evidence as to the origin of the fire or of negligence on the part of the defendant. I think the rule applicable to these facts is correctly stated by *Associate Justice Walker* in *Hanes v. Shapiro,* 168 N. C., 31, as follows: "But the better opinion, supported by the weight of authority, holds that while the burden of proving negligence rests upon the plaintiff, and does not shift throughout the trial, the burden of proceeding does shift, and that where the plaintiff has shown that the bailee received the property in good condition and failed to return it, or returned it injured, he has made out a *prima facie* case of negligence. 'When he has shown a situation which could not have been produced except by the operation of abnormal causes, the *onus* rests upon the defendant to prove that the injury was caused without his fault.' *Res ipsa loquitur.* Unless the bailee overcomes this *prima facie* case by satisfying the jury that the loss or damage was consistent with the absence or fault on his part, the plaintiff may prevail. Where the bailee makes such showing, however, as where it appears that the property was stolen or injured by *vis major,* the burden of proceeding shifts back to the plaintiff, and he must show that the bailee was negligent in exposing the property to risk of harm, or in failing to avoid the danger after it was known. In other words, the weight of the evidence may be

in favor first of one party and then the other, but the burden of establishing the issue in his favor rests on plaintiff throughout. Hale on Bailments, pp. 31 and 32."

It is not disputed that the automobile was destroyed by fire—*vis major* —and, if so, the *prima facie* case made by showing delivery and failure to return was destroyed, and he could not recover without furnishing evidence of negligence, which he has failed to do.

As it appears to me, the judgment of nonsuit ought to be sustained.