### CHARLES HUTCHINS v. TAYLOR-BUICK COMPANY.

(Filed 6 June, 1930.)

**Bailment A a—Proof that property was left with bailee in good condition and its destruction by fire establishes prima facie case for jury.**

The leaving of an automobile for storage at a garage for hire establishes the relation of bailor and bailee, and where there is evidence that the car was received in good condition and was destroyed by fire, a prima facie showing of negligence is made out which is sufficient to go to the jury although the bailee offers evidence in rebuttal tending to show that the fire resulted from a faulty wiring in the car itself.

APPEAL by plaintiff from *MacRae, Special Judge,* at January Term, 1930, of YANCEY.

Civil action to recover damages for an alleged negligent injury to plaintiff's automobile caused by fire while stored in the defendant's garage.

The record discloses that the plaintiff, while attending the Legislature of 1929, stored his automobile, intermittently or for a short time, at the defendant's garage in the city of Raleigh, and paid the regular charges therefor. On the night of 22 January, or 1 February, about the

hour of 11 p.m., the plaintiff returned his car to the defendant's garage after having the same out during the late afternoon and the early part of the night, and turned it over to the defendant's agent as he had customarily done on other occasions. The car was in good operating condition at that time. One hour and thirty-five minutes later, the attendant at the defendant's garage called the plaintiff over the telephone and notified him that his automobile had been burned.

Plaintiff hurried to the garage and found his car in the center of the second floor, still smoking, and was informed that the fire department had just left. The car was practically destroyed by fire. Other cars were in the garage, but they were not injured.

The man in charge of the garage told the plaintiff that he detected the odor of burning rubber and searched everywhere, upstairs, down stairs, and all around, and was unable to locate the fire until he finally discovered it under the hood of plaintiff's car, which he pushed from where it was stored, between two other cars, to the center of the garage floor and called the fire department to put out the fire, as it was too big at that time for him to manage alone with the extinguishers and sand buckets at hand. The plaintiff's car was the only one burned in the defendant's garage that night.

Defendant contends that, under all the evidence, the fire must have come from a short-circuit in the wiring system of plaintiff's car, and that the prima facie case was rebutted. Plaintiff replies by saying that the question was one for the jury.

From a judgment of nonsuit the plaintiff appeals, assigning error.

*Watson & Fouts for plaintiff.*
*Pou & Pou and Winborne & Proctor for defendant.*

STACY, C. J., after stating the case: The appeal presents the single question as to whether the facts of the instant case bring it within the principle announced in *Beck v. Wilkins,* 179 N. C., 231, 102 S. E., 313, or the rule applied in *Morgan v. Bank,* 190 N. C., 209, 129 S. E., 585. We think the case is controlled by the decisions in *Beck v. Wilkins, supra,* and *Hanes v. Shapiro,* 168 N. C., 24, 84 S. E., 33.

The relation of plaintiff and defendant was that of bailor and bailee. Ordinarily the liability of a bailee for the safe return of the thing bailed is made to depend upon the presence or absence of negligence. In proving this, the bailor has the laboring oar, but it has been held in a number of cases that a prima facie showing of negligence is made out when it is established that the bailee received the property in good condition and failed to return it, or returned it in a damaged condition. *Trustees v. Banking Co.,* 182 N. C., 298, at page 305, 109 S. E., 6.

In the absence of some fatal admission or confession, as against a demurrer to the evidence, or motion to nonsuit, a prima facie showing carries the case to the jury. *Jeffrey v. Mfg. Co.,* 197 N. C., 724, 150 S. E., 503; *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398.

Reversed.