INDEPENDENT OIL COMPANY, INC., A CORPORATION, v. THE BROAD-FOOT IRON WORKS, INC.

(Filed 9 June, 1937.)

**1. Trial § 22—**

On motion to nonsuit all the evidence favorable to plaintiff is to be considered in the light most favorable to it, and it is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

**2. Bailment § 3—Proof of delivery of property to bailee for hire and his failure to return same makes out prima facie case.**

Where plaintiff shows delivery of property for repair and defendant's failure to return same as agreed in good condition he makes out a *prima facie* case sufficient to take the case to the jury, although the burden of proving negligence is on him, and the evidence in support of plaintiff's allegations of negligence in that defendant attempted to repair plaintiff's gasoline tank truck without taking proper precautions against an explosion *is held* sufficient to overrule defendant's motion to nonsuit, although defendant's evidence sharply contradicted plaintiff's evidence on the issue.

APPEAL by plaintiff from *Sinclair, J.,* at February Term, 1937, of DURHAM. Reversed.

The complaint of plaintiff is as follows:

"The plaintiff, complaining of the defendant, alleges:

"1. That the Independent Oil Company, a corporation, organized and existing under the laws of the State of North Carolina, with its home office in the city of Durham, N. C., is engaged in the gasoline and oil business.

"2. That the Broadfoot Iron Works, Inc., a corporation organized and existing under the laws of the State of North Carolina, with its home office at the foot of Church Street, in Wilmington, N. C., is engaged in the construction and repair of machinery, and particularly in motor trucks and motor vehicles.

"3. That the plaintiff was on 9 July, 1936, at the times complained of the owner and in possession of a Butler Trailow gasoline tank, and on said date delivered it to defendant for the purpose of having said minor repair done thereon.

"4. That on 9 July, 1936, the defendant corporation accepted the Butler Trailow tank delivered to it by the plaintiff, and agreed to repair the same, which consisted of welding a small leak in the bottom of said tank, for which the defendant would have charged about $25.00, and agreed to redeliver said tank repaired in the manner aforesaid to the plaintiff on the morning of 10 July, 1936, in as good condition as when turned over to it by the plaintiff.

"5. That the defendant held itself out as being prepared to repair tanks in that manner, and as having proper equipment and knowledge for so doing. Plaintiff delivered the tank into the possession and control of the defendant for the purpose of enabling the defendant to perform said work, as it had agreed to do, and it further agreed that it would do the said repair work and return it to the plaintiff at seven o'clock on the morning of 10 July, 1936.

"6. That the said tank was used for the purpose of transporting gasoline, a fact well known to the defendant.

"7. That while the tank was in possession and control of the defendant for the purpose of having repairs made thereon, the defendant, through its agents and employees, negligently and carelessly damaged and destroyed the said tank, and when the plaintiff sent for the tank on the morning of 10 July, 1936, it was found to be destroyed and in a useless and worthless condition.

"8. That the said tank cost the plaintiff $2,315 f.o.b. Kansas City, Missouri, and the freight on same was about $200, or a total cost to plaintiff of $2,515.

"9. That the tank was bought in October, 1935; that it was kept in good condition, and worth practically as much on 9 July, 1936, when delivered to the defendant, as when purchased by the plaintiff in 1935, except for the minor defects which were to be repaired; that the parts that can be salvaged are probably worth about $500.

"10. That plaintiff's damage through the negligence and carelessness of the defendant, and its servants and employees, is $2,015.

"11. That plaintiff has made demand upon defendant that it pay the amount of damages in the sum of $2,015, but defendant declines and refuses to do so.

"12. That the plaintiff, Independent Oil Company, Inc., has been endamaged in the destruction of its Butler Trailow tank through the defendant's negligence in permitting it to be destroyed while in its possession and control for the purpose of repairing same, for which repair work the plaintiff was to pay the defendant; that the defendant is indebted to the plaintiff in a sum equal to the value of the tank and the cost of transportation, or $2,515, less the salvage, or a net amount of $2,015, which plaintiff has demanded of the defendant and the defendant has refused to pay.

"13. That the defendant negligently failed to remove the gasoline and gasoline fumes from the tank prior to undertaking to weld the leak or negligently failed to isolate the spot which was being welded by grounding its current, or both, and by thus negligently failing to prepare the tank for repair, and to negligently perform the work by properly grounding its current, it caused the fumes to ignite and thereby the explosion which destroyed the tank; that the defendant failed to exercise that care for the protection of the plaintiff's property required of it as a bailee, and through its own negligence destroyed plaintiff's property, and failed to return same in good condition as it agreed to do, all to plaintiff's great damage, to wit, in the sum of $2,015.

"Wherefore plaintiff Independent Oil Company, Inc., prays for judgment against defendant, the Broadfoot Iron Works, Inc., in the sum of two thousand fifteen ($2,015) dollars, and the costs of the action, and for such other and further relief as the plaintiff may be entitled to. R. O. Everett, Attorney for plaintiff."

The defendant denied the material allegations of the complaint, and, among other things, alleged: "That upon testing said tank on the morning of 10 July, 1936, for gasoline fumes and finding none present in the middle compartment which was to be welded, and relying upon the assurance and instruction of the plaintiff that the gasoline from said auxiliary tank had been rendered harmless by reason of its isolation, this defendant proceeded to attempt to weld the crack underneath the center compartment of said tank, and within about two minutes after applying said electric arc for the purpose of welding said crack, and just before the welding of said crack was completed, an explosion occurred, caused by the gasoline fumes from said auxiliary compartment, which explosion caused such damage to said tank as it suffered. That such damage as the plaintiff suffered because of the damage to said tank was caused by the acts of the plaintiff in instructing this defendant to proceed to make said repairs to said tank without removing said gasoline from said auxiliary tank, and was in no way due to any act of negligence or carelessness on the part of this defendant; that this defendant relied upon the assurance of said plaintiff that said repairs could be safely made.

"Wherefore this defendant prays judgment that this cause be dismissed as to it, and that it go without day, and that it recover of the plaintiff its costs incurred herein, to be taxed by the court."

The plaintiff replied to the answer, denied the above allegations, and reiterated its contention in detail as to the defendant's negligence.

At the close of plaintiff's evidence and at the close of all the evidence the defendant made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below sustained the motions and rendered judgment for defendant. Plaintiff excepted, assigned error, and appealed to the Supreme Court.

*Mel. J. Thompson and R. O. Everett for plaintiff.*
*Carr, James & LeGrand for defendant.*

CLARKSON, J.   We think there was error in the court below sustaining the motions for judgment as in case of nonsuit made by defendant. C. S., 567.

The evidence which makes for plaintiff's claim, or tends to support its cause of action, is to be taken in its most favorable light for the plaintiff, and it is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

The evidence introduced by plaintiff was plenary to establish the allegations in plaintiff's complaint and reply to defendant's answer. We will not recite the evidence, as the case goes back for trial.

The plaintiff, among other things, alleged: "That the defendant failed to exercise that care for the protection of the plaintiff's property required of it as a bailee, and through its own negligence destroyed plaintiff's property, and failed to return same in good condition as it agreed to do, all to plaintiff's great damage, to wit, in the sum of $2,015."

In *Beck v. Wilkins,* 179 N. C., 231 (232), it is said: "The burden of proving negligence was on the plaintiff, and this burden does not shift, but when it was shown, or admitted, that the machine was not returned by reason of its being destroyed, or stolen, or that it was returned in injured condition, it was the duty of the defendant 'to go forward' with proof to show that it had used proper care in the bailment. Therefore, it was error for the court to withdraw the case from the jury, and thus to hold, as a matter of law, that the defendant had exercised proper care."

In *Hutchins v. Taylor-Buick Co.,* 198 N. C., 777 (778), we find: "The appeal presents the single question as to whether the facts of the instant case bring it within the principle announced in *Beck v. Wilkins,* 179 N. C., 231, 102 S. E., 313, or the rule applied in *Morgan v. Bank,* 190

N. C., 209, 129 S. E., 585. We think the case is controlled by the decisions in *Beck v. Wilkins, supra,* and *Hanes v. Shapiro,* 168 N. C., 24, 84 S. E., 33. The relation of plaintiff and defendant was that of bailor and bailee. Ordinarily, the liability of a bailee for the safe return of the thing bailed is made to depend upon the presence or absence of negligence. In proving this, the bailor has the laboring oar, but it has been held in a number of cases that a *prima facie* showing of negligence is made out when it is established that the bailee received the property in good condition and failed to return it, or returned it in a damaged condition. *Trustees v. Banking Co.,* 182 N. C., 298, at page 305, 109 S. E., 6. In the absence of some fatal admission or confession, as against a demurrer to the evidence, on motion to nonsuit, a *prima facie* showing carries the case to the jury. *Jeffrey v. Mfg. Co.,* 197 N. C., 724, 150 S. E., 503; *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398." *Swain v. Motor Co.,* 207 N. C., 755 (758).

For the reasons given, the judgment of the court below is

Reversed.