MILLERS MUTUAL INSURANCE ASSOCIATION OF ILLINOIS AND CEN-
TRAL MUTUAL INSURANCE COMPANY v. ATKINSON MOTORS, INC.

(Filed 28 April, 1954.)

**1. Bailment § 1—**

Where the purchaser of an automobile returns it to the dealer for the
five-hundred-mile checkup to which he is entitled under the contract of
sale, such delivery constitutes a bailment for the mutual benefit of the
bailor and the bailee.

**2. Bailment § 4—**

A bailee for hire is not an insurer, but is under legal duty imposed by
law, irrespective of the contract, to exercise due care to protect the subject
of the bailment from loss, damage or destruction, and may be held liable
for damages resulting from negligent failure to perform this duty.

**3. Bailment § 7—**

The bailor makes out a *prima facie* case of actionable negligence of a
bailee for hire upon showing that he delivered the property in good condi-
tion to the bailee, that the bailee accepted it and thereafter had exclusive
possession and control of the property, and failed to return it, or returned
it in a damaged condition.

**4. Same—**

Plaintiff's evidence tended to show that the purchaser of an automobile
delivered it to the dealer for the five-hundred-mile checkup, that the pur-
chaser did not again see the car until the next day when it had been dam-
aged by fire, although the cars on either side of it were not burned, and
that in the interim the car was in the exclusive possession and control of
the dealer. *Held:* Under the rule applicable to bailments, plaintiff made
out a *prima facie* case sufficient to be submitted to the jury, notwithstand-
ing the absence of any evidence of any facts or circumstances relating to
the fire or tending to show any particular acts of negligence.

**5. Evidence § 7e—**

A *prima facie* case does not relieve plaintiff of the burden of proof
nor create any presumption in his favor, but merely entitles him to have
the issue submitted to the jury, and defendant, upon such showing by plain-
tiff, may elect to introduce no evidence, in which event he admits nothing
but simply takes the risk of an adverse verdict, or he may offer evidence in
explanation or exoneration.

APPEAL by plaintiffs from *Rudisill, J.,* 1 March, 1954, Regular Term,
of MECKLENBURG.

In October, 1952, Charles W. Connelly purchased from defendant a
new 1953 Dodge Coronet Coupe. The defendant was and is engaged in
business in Charlotte, N. C., selling, repairing and servicing automobiles.
On 12 November, 1952, Connelly took his new car to defendant's service
department and left it with defendant's authorized agents for the 500
mile general check-up and for repairs and servicing. Defendant accepted

the automobile for these purposes, thereby obtaining full possession and control thereof and of specified articles of personal property owned by Connelly and then kept in the trunk compartment. When Connelly returned the next morning, 13 November, 1952, he found that his automobile and personal property had been damaged by fire. These facts are admitted in the pleadings.

Evidence of plaintiffs, predicated upon sufficient allegations, tends to show that the purchase price of Connelly's car was around $3,300.00; that its reasonable market value immediately before the fire was $2,-988.43; that its reasonable market value immediately after the fire was $1,000.00; that the plaintiff, Millers Mutual Insurance Association of Illinois, which had insured the car against loss by fire, took over the damaged car and paid $2,988.43 to Connelly in discharge of its obligation as insurer; and that the plaintiff, Central Mutual Insurance Company, which had insured the contents of the car against loss by fire, paid Connelly $285.00 in discharge of its obligation as insurer.

The plaintiffs sue for damages in the amount of $1,988.43 and $285.00, respectively, under the doctrine of subrogation. In addition to the facts stated above, the plaintiffs allege in general terms that the defendant negligently allowed the car to be burned, failed to watch and safeguard it, and failed to exercise due care to guard, properly repair and deliver it to Connelly in as good or better condition than when delivered to defendant. No facts are alleged bearing upon what happened on the occasion of the fire or bearing upon the cause of the fire.

At the close of the plaintiffs' evidence, the trial judge, upon the defendant's motion, entered judgment of involuntary nonsuit, dismissing the action. Plaintiffs excepted and appealed.

*William H. Booe for plaintiffs, appellants.*
*Pierce & Blakeney, R. E. Wardlow, and C. W. Bundy for defendant, appellee.*

BOBBITT, J. The testimony of Connelly tends to show that when he delivered his car to defendant for the general 500 mile check-up, he called attention to a number of specific items, *e.g.,* the cigarette lighter was out, the radio had a hum in it, etc.; also, that defendant was to make such repairs as part of the consideration for the purchase price paid by him.

Under these circumstances, the defendant's possession and control was that of bailee, under a bailment for the mutual benefit of the bailor and the bailee; and in such case the duty of the bailee is to exercise due care and his liability depends upon the presence or absence of ordinary negligence. *Hanes v. Shapiro,* 168 N.C. 24, 84 S.E. 33; *Hutchins v. Taylor-Buick Co.,* 198 N.C. 777, 153 S.E. 397; 8 C.J.S. p. 269, Bailments, sec.

27; 6 Am. Jur., p. 361, Bailments, sec. 248. Ordinarily, unless made so by statute or by express contract, the bailee is not an insurer. He is liable only for negligent loss or damage to property. *Beck v. Wilkins,* 179 N.C. 231, 102 S.E. 313; 8 C.J.S. 262, Bailments, sec. 26; 6 Am. Jur. 345, Bailments, sec. 242; Anno. 16 A.L.R. 2d 802. The bailee's obligation to exercise due care to protect the subject of the bailment from loss, damage or destruction arises from the relationship so created by the contract of bailment. While the relationship so created is basic, the legal duty is not a term of the contract; rather, it is imposed by law. *Insurance Asso. v. Parker,* 234 N.C. 20, 65 S.E. 2d 341.

A *prima facie* case of actionable negligence, requiring submission of the issue to the jury, is made when the bailor offers evidence tending to show that the property was delivered to the bailee; that the bailee accepted it and thereafter had possession and control of it; and that the bailee failed to return the property or returned it in a damaged condition. *Hanes v. Shapiro, supra; Perry v. R. R.,* 171 N.C. 158, 88 S.E. 156, L.R.A. 1916E 478; *Beck v. Wilkins, supra; Trustees v. Banking Co.,* 182 N.C. 298, 109 S.E. 6, 17 A.L.R. 1205; *Morgan v. Bank,* 190 N.C. 209, 129 S.E. 585; *Hutchins v. Taylor-Buick Co., supra; Swain v. Motor Co.,* 207 N.C. 755, 178 S.E. 560; *Oil Co. v. Iron Works,* 211 N.C. 668, 191 S.E. 508; *Falls v. Goforth,* 216 N.C. 501, 5 S.E. 2d 554; *Wellington-Sears Co. v. Finishing Works,* 231 N.C. 96, 56 S.E. 2d 24; *Bennett v. R. R.,* 232 N.C. 144, 59 S.E. 2d 598; 16 A.L.R. 2d p. 805, *et seq.*

However, judgments of involuntary nonsuit were held proper in *Morgan v. Bank, supra,* and *Swain v. Motor Co., supra.* For in *Morgan v. Bank, supra,* it appeared affirmatively from undisputed evidence that plaintiff's bonds had been stolen by burglars, who blew open the vault with high explosives and broke into the safety deposit boxes by use of a sledge hammer and cold chisel, there being no evidence of negligence on the part of the defendant. And in *Swain v. Motor Co., supra,* it appeared affirmatively from undisputed evidence that a third party had stolen plaintiff's car under circumstances which negatived negligence on the part of defendant. *Kelley v. Capital Motors,* 28 S.E. 2d 836, a South Carolina decision cited by defendant, is distinguishable on like grounds.

Here, the plaintiffs' evidence does not disclose the facts and circumstances relating to the burning of his car and its contents. Connelly testified that the defendant's building was of cement and steel construction, fire resistant, equipped with sprinkler system, etc., and that the garage was modern, up-to-date, safe and first-class. In his opinion, the fire came from the inside of the car. Also, upon cross-examination, he stated that he did not know of anything the defendant failed to do with respect to proper care of his car. While this evidence is favorable to defendant, the fact remains that Connelly left the car with defendant about 8:30 a.m. on

the morning of 12 November, 1952, and did not see it again until the morning of 13 November, 1952, after the fire. In the meantime, it had been in the exclusive possession and control of defendant. The record is silent as to what was done to or with the car during this period. Was the general check-up made? What was its condition? Was the electrical system faulty? Were repairs made? Had the car been driven out of the garage? If so, by whom and under what circumstances? When did the fire occur? The fact that Connelly could have no knowledge of such matters, while the defendant could and should have full knowledge of these matters, indicates the reason underlying the rule as to mode of proof in such bailments. The *prima facie* case rule is invoked when the plaintiff's evidence discloses an unexplained failure to return the bailed property or an unexplained destruction of or damage to the bailed property while in the bailee's possession and control. Here, neither the allegations nor the evidence purport to particularize any facts or circumstances relating to the fire upon which negligence is predicated.

Here, as was true in *Hutchins v. Taylor-Buick Co., supra,* only the one car burned. Too, as in that case, Connelly's car was between two other cars, which did not burn. The facts in the two cases are quite similar. It would seem that this case is stronger for the plaintiffs' position for here the car was left for a general check-up, repairs and servicing while in that case the car was left for storage only. Be that as it may, *Hutchins v. Taylor-Buick Co., supra,* controls decision here.

Ordinarily, in a negligence case, it is incumbent upon plaintiff to allege and prove facts constituting actionable negligence; and, when the evidence fails to disclose actionable negligence as alleged, nonsuit is proper. Conjecture and surmise will not suffice. Appellant cites many cases involving this well settled principle. Decision in several of the cases cited turns upon the applicability or nonapplicability of the doctrine of *res ipsa loquitur,* which, if applicable, makes out a *prima facie* case akin to that involved here. (See *White v. Hines,* 182 N.C. 275, 109 S.E. 31.) In the cases cited the doctrine *res ipsa loquitur* was held inapplicable; and the plaintiff was required to allege and prove his case under the ordinary rule. Here plaintiffs invoke a long established rule applicable to bailments. The evidence was sufficient under this rule to repel the defendant's motion for judgment of involuntary nonsuit.

While it is not required, in the circumstances of this case, that the plaintiffs establish the specific negligent act or omission proximately causing the loss or damage, it is incumbent upon the plaintiffs to satisfy the jury by the greater weight of the evidence that the loss or damage was caused by negligence on the part of the defendant. *Ross v. Cotton Mills,* 140 N.C. 115, 52 S.E. 121; *Howard v. Texas Co.,* 205 N.C. 20, 169 S.E. 832.

By analogy to the doctrine of *res ipsa loquitur,* plaintiffs are not relieved of the burden of proof nor is any presumption raised in their favor. Indeed, it has been stated (*Ross v. Cotton Mills, supra*) that the trial judge should make no reference to the expressions *"prima facie* case" or "presumptive evidence;" rather it is for the jury to say, upon the facts and the circumstances shown by plaintiff's evidence, whether negligence should be inferred, that is, whether upon all the evidence the plaintiff has established actionable negligence.

When the facts in evidence make out a *prima facie* case, it is one for submission to the jury. As stated by *Connor, J.,* in *Ross v. Cotton Mills, supra:* "The defendant may, or may not, introduce evidence as it is advised. By failing to do so, it admits nothing, but simply takes the risk of nonpersuasion. This is what is meant by going forward with testimony. He, by this course, says that he is willing to go to the jury upon the plaintiff's evidence." If the defendant elects to offer evidence tending to explain the cause of the fire, the reasonableness of the explanation is for the jury. *Springs v. Doll,* 197 N.C. 240, 148 S.E. 251. If the defendant offers evidence tending to show what happened with reference to the car while in its possession as bailee, the credibility of such evidence is for the jury. If the evidence offered by the defendant, assuming credibility, would exonerate the defendant, it would be entitled to a peremptory instruction thereon. *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309. The significance of *"prima facie* case" has been stated clearly and often. *Speas v. Bank,* 188 N.C. 524, 125 S.E. 398; *Hunt v. Eure,* 189 N.C. 482, 127 S.E. 593; *Vance v. Guy,* 224 N.C. 607, 31 S.E. 2d 766; N. C. Evidence, Stansbury, Section 203.

If the defendant exercised due care in handling and in keeping the Connelly car, no liability devolves upon it. It is liable only if the loss or damage was caused by its negligence.

The case here presented is one for the jury under appropriate instructions. Hence, the judgment of involuntary nonsuit at the close of plaintiffs' evidence is

