STATE AUTOMOBILE MUTUAL INSURANCE COMPANY v.
SMITH DRY CLEANERS, INC.

No. 7321DC461

(Filed 19 September 1973)   .

1. Bailment § 3— damages to property by bailee — proof required

In order to recover from a bailee for damages to property during
its possession by the bailee, the bailor's evidence must tend to establish
a damaged condition which did not exist when the property was de-
livered to the bailee.

2. Bailment § 3— shrinkage from dry cleaning — failure to show length
when delivered to cleaner

In an insurer's action to recover for damages to insured's curtains
and bedspread by shrinkage when they were dry cleaned by defendant,
plaintiff insurer's evidence was insufficient for the jury where no
evidence was offered as to the length of the materials at the time
they were delivered to defendant.

APPEAL by plaintiff from a judgment entered by *Hender-
son, District Court Judge,* on 14 February 1973 in District
Court held in FORSYTH County.

Plaintiff, the insurer on a homeowner's insurance policy
carried for O. E. Wagoner and wife, Shirley Wagoner, seeks to
recover under its subrogation rights for amounts paid the
Wagoners for damage done to personal property within their
home.

Sometime during the month of December, 1971, the Wag-
oners had a problem with their furnace which resulted in
smoke and soot damage to their home. Plaintiff made ar-
rangements to have the damage to the home repaired by a firm
named Serve-Pro, Inc. Serve-Pro handled the cleaning of the
walls and woodwork and also removed the living room drap-
eries, a bedspread, bedroom draperies and two pillows which it
delivered to the defendant for cleaning. They later picked up
the above-mentioned items from the defendant and returned
them to the Wagoners' home.

When Serve-Pro returned the living room draperies to the
Wagoners' home, they replaced the metal pins which connect
the draperies to the rod and rehung the draperies. At this
time, the Wagoners noticed the draperies, though clean, were
shorter some four or five inches and no longer came down to
the floor. The bedspread was also shorter by approximately

six to eight inches, and the two white pillows still looked dirty, though they had not shrunk.   The bedroom draperies were approximately four to six inches longer in places than they were in others.

The plaintiff paid the insureds the sum of $661.38 on the damage to the insureds' property.

At the close of plaintiff's evidence the trial judge directed a verdict for defendant.   Plaintiff appealed.

*Womble, Carlyle, Sandridge and Rice, by Allan E. Gitter and William F. Womble, Jr., for plaintiff.*

*Graves and Nifong, by Norman L. Nifong, for defendant.*

BROCK, Chief Judge.

"A prima facie case of actionable negligence, requiring submission of the issue to the jury, is made when the bailor offers evidence tending to show that the property was delivered to the bailee; that the bailee accepted it and thereafter had possession and control of it; and that the bailee failed to return the property or returned it in a damaged condition." *Insurance Company v. Motors, Inc.*, 240 N.C. 183, 81 S.E. 2d 416.

Clearly the plaintiff's evidence tends to establish the first two requisites, i.e., (1) that the property was delivered to defendant, and (2) that defendant accepted it and thereafter had possession and control of it.   However, plaintiff's evidence on the third requisite (that defendant returned the property in a damaged condition) is deficient.

[1]   The damaged condition which plaintiff's evidence must tend to establish is a damaged condition which did not exist when the property was delivered to the defendant.   Obviously, defendant should not be held liable for a damage which was in existence when the property was delivered to him.   Therefore, it is incumbent upon plaintiff to show the condition of the property, with respect to the damage claimed, at the time it was delivered and accepted by defendant.

[2]   Plaintiff offered no evidence of the length of the materials at the time they were delivered by Serve-Pro to defendant. Apparently, plaintiff was relying upon defendant's answer to two of its interrogatories to establish the condition of the ma-

terials at the time of delivery to defendant. Interrogatories numbers three and five and defendant's answers are as follows:

"3. Question: When you received the above items, describe their condition as you saw them?

Answer: The items were visibly okay, however, no measurements were taken and there could have been smoke and heat damages.

"5. Question: If you observed the aforesaid items after they were dry cleaned, please describe their condition in detail?

Answer: They were in good condition."

These interrogatories and answers fall short of constituting evidence of the length of the materials at the time they were delivered to defendant by Serve-Pro. Since the evidence is silent as to the length of time the materials were in the exclusive possession and control of Serve-Pro, there is no inference that the materials were in the same condition and the same length when Serve-Pro delivered them to defendant as they were when removed from the Wagoners' home. In fact, there is no direct evidence concerning the length of the materials immediately prior to their removal from the Wagoners' house by Serve-Pro.

In our opinion, plaintiff's evidence is not sufficient to justify or require submitting the case to the jury. The directed verdict for defendant is

Affirmed.

Judges BRITT and BALEY concur.