LARRY R. NORWOOD v. COX ARMATURE WORKS

No. 743DC494

(Filed 3 July 1974)

**Bailment § 3— car left for repairs — sufficiency of evidence of negligence of bailee**

The evidence of plaintiff made out a *prima facie* case of negligence on the part of defendant where it tended to show that plaintiff delivered his vehicle to an agent of defendant for repairs on a Friday, that on the following Monday plaintiff telephoned defendant and was told that someone had picked up his car, and that plaintiff instituted a search for his car and found it wrecked, burned and lying in a junkyard; therefore, the trial court erred in directing verdict for defendant in plaintiff's action to recover the value of a mobile telephone unit which was in the car when it was delivered to defendant but which could not be recovered from the wrecked vehicle.

Norwood v. Works

APPEAL by plaintiff from *Whedbee, District Judge,* 23 January 1974 Session, PITT County, District Court.

Heard in the Court of Appeals 19 June 1974.

On Thursday, 1 February 1973, the plaintiff was the owner of a 1964 Oldsmobile automobile. Pursuant to a newspaper advertisement for the sale of this automobile, the plaintiff met Jackie C. Cox and received from Cox the sum of $250 for the purchase of the automobile and at that time delivered the title to the automobile to Cox. The automobile itself, however, was not delivered to Cox, and the plaintiff retained possession of the automobile until such time as he could have removed therefrom a mobile telephone unit which was the property of Carolina Telephone and Telegraph Company and which the plaintiff had leased from the telephone company. Plaintiff retained the only set of keys to the automobile which was parked in a parking lot where it had been for some two or three weeks. The next day, Friday, 2 February 1973, the plaintiff arranged with the telephone company for the automobile to be brought to the telephone company for the purpose of removing the telephone unit. When plaintiff attempted to start the automobile, it would not start; and he contacted the defendant for the purpose of having the defendant tow the automobile to his place of business for the purpose of making the necessary repairs to start the vehicle. It was stipulated, "On February 2, 1973 Larry R. Norwood delivered a 1964 Oldsmobile, 4-door automobile bearing serial number 844LO41756 to James Gray, agent for Cox Armature Works." It was further stipulated, "The parties stipulate and agree that the reasonable fair market value of the mobile telephone unit installed in the 1964 Oldsmobile at the time of its delivery to the defendant was $897.00."

The evidence on behalf of the plaintiff further reveals that in the late afternoon of Friday, February 2, 1973, plaintiff telephoned the defendant to ascertain if the automobile was ready. Plaintiff was advised over the telephone to hold on while a check was made. Plaintiff did hold on the telephone for some 15-20 minutes and no one returned, and so the plaintiff hung up the telephone and then went out of town. On the following Monday morning plaintiff again telephoned the defendant and again was told to hold on and did so for some 10-15 minutes and then hung up and redialed. On the second call plaintiff advised whoever answered the telephone of the difficulty he was having pertaining to getting his automobile. This person advised the

plaintiff to hold on a minute and then returned and advised the plaintiff that someone had picked the automobile up. Plaintiff then instituted a search for the automobile and eventually located it in a junkyard in Wilson County. The automobile had been wrecked and burned and the plaintiff was unable to recover the telephone.

Percy R. Cox, the President of defendant corporation, testified:

" . . . In this particular case I do not know to whom the car was delivered. I honestly don't know who got the car or what happened to the car now. . . . "

Defendant had made repairs on the car by installing a new solenoid switch in the starter.

On 2 July 1973, defendant wrote to the plaintiff as follows:

"Dear Mr. Norwood,

On February 7, 1973 you had repair work on your car done at our business. We have not heard from you since that time. The amount owing us is $30.15. We cannot understand why you have not payed this account. We try to be fair to our customers but I'm sure you will agree we have been more than fair with you.

If we do not hear from you within five days we will be forced to file a judgement [sic] against you.

Yours truly,

COX ARMATURE WORKS, INC.

s/ P. R. Cox

P. R. Cox

PRES."

At the close of all the evidence, the defendant made a motion for a directed verdict. This motion was sustained and plaintiff's cause of action was dismissed. The plaintiff appealed.

*Laurence S. Graham for plaintiff appellant.*

*Gaylord and Singleton by Mickey A. Herrin for defendant appellee.*

State v. Walker

CAMPBELL, Judge.

The evidence, when taken in the light most favorable to the plaintiff, shows that the possession of the automobile in question by the defendant was that of bailee, under a bailment for the mutual benefit of the bailor and the bailee. The duty of the bailee under those circumstances is to exercise due care, and its liability depends "on the presence or absence of ordinary negligence." The evidence of the plaintiff made out a *prima facie* case, and it was error to sustain the motion of the defendant for a directed verdict and dismissal of the plaintiff's case.

This case is controlled by *Insurance Co. v. Motors, Inc.,* 240 N.C. 183, 81 S.E. 2d 416 (1954), where it is stated:

> "A *prima facie* case of actionable negligence, requiring submission of the issue to the jury, is made when the bailor offers evidence tending to show that the property was delivered to the bailee; that the bailee accepted it and thereafter had possession and control of it; and that the bailee failed to return the property or returned it in a damaged condition. . . . "

Reversed.

Judges PARKER and HEDRICK concur.