***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The following documents were introduced at trial as:
 EXHIBITS
1. Defendant's #1: North Carolina Department of Correction Administrative Remedy Procedure (Form DC 410)
 ***********
Based on the evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was incarcerated by the defendant, North Carolina Department of Corrections, on July 1, 1999 at the Pasquotank Correctional Facility.
2. Defendant adopted a written policy to prohibit inmates from owning tennis shoe brands other than those specified and sold by defendant.
3. Plaintiff owned a pair of tennis shoes that did not conform to defendant's new policy.
4. Pursuant to defendant's new policy, which was posted on or about May 1, 1999, plaintiff was given the option to dispose of the non-conforming tennis shoes, donate the tennis shoes to charity or mail the tennis shoes to a person or persons outside the facility at his own expense.
5. Plaintiff did not exercise any of the above options by July 1, 1999, the date defendant's new policy became effective. As part of the collection process, an officer of the N.C. Department of Corrections confiscated plaintiff's tennis shoes in accordance with the policy from his cell while he was partially asleep. Plaintiff's tennis shoes were placed in a plastic bag with other pairs of tennis shoes confiscated by defendant.
6. In his grievance statement of August 25, 1999, plaintiff contends that within approximately twenty minutes he noticed that one of his shoes was missing the tongue when he saw an officer placing the shoes in another plastic bag.
7. Despite having not exercised the available options to dispose of the non-conforming tennis shoes, defendant permitted plaintiff and other prisoners so choosing to make arrangements to mail the tennis shoes to a person or persons outside the facility at their own expense.
8. Defendant prepared a Form DC160, the standard form used to transfer an inmate's property. The Form DC160 indicated that plaintiff's shoes were in "fair" condition.
9. Plaintiff signed the Form DC160, which indicated that the tennis shoes were in "fair" condition without making any notation of the damage to the tongue. Plaintiff testified that he signed this form when he removed his shoes from the bag the Officers were using to collect the contraband shoes. Plaintiff contends he was upset about the condition of his shoes, yet he made no complaint or notation on the Form DC160 that his shoes had been damaged. It would be expected for an individual to complain at the time of the awareness of damage by making written recordation of the incident when presented with a form to sign. Yet, when plaintiff signed the Form DC160, he made no notation of any kind.
10. The shoes were in the care, custody and control of defendant for two weeks before being individually boxed and mailed.
11. While Officer Todd agreed that plaintiff came in with a complaint regarding the shoe damage, he said that this occurred after plaintiff's shoes had been mailed, not before the mailing.
12. Plaintiff estimated the value of his shoes was about $92.00. His shoes were approximately three months old when damaged. Plaintiff testified that the fair market value of the shoes when damaged was $45.00.
13. Plaintiff's testimony regarding the damage to his shoes is not accepted as credible.
14. Plaintiff has failed to prove by credible evidence that defendant breached its duty to provide reasonable care for his property while in the defendant's possession or that the damage to his tennis shoes occurred due to the actions of the defendant's officers.
 ***********
The forgoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 148-18.1 clearly permits defendant to confiscate plaintiff's tennis shoes as contraband:
 Any item of personal property which a prisoner in any correctional facility is prohibited from possessing by State law or which is not authorized by rules adopted by the Secretary of Correction shall, when found in the possession of a prisoner, be confiscated and destroyed or otherwise disposed of as the Secretary may direct. Any unauthorized funds confiscated under this section or funds from the sale of confiscated property shall be deposited to Inmate Welfare Fund maintained by the Department of Correction.
Price v. Davis, 132 N.C. App. 556, 512 S.E.2d 783 (1999) (discussing legal implications of confiscation of personal property items under similar circumstances in the contest of sovereign immunity and42 U.S.C.A. 1983 as to defendant's officers in their official and individual capacities.); Re Petition of Smith, 82 N.C. App. 107,345 S.E.2d 423 (1986).
2. Defendant's possession of plaintiff's shoes was that of a bailee under a bailment for the mutual benefit of the bailor and the bailee "and in such case the duty of the bailee is to exercise due care and his liability depends upon the presence or absence of ordinary negligence."Insurance Co. v. Motors, Inc., 240 N.C. 183,184, 81 S.E.2d 416, 418
(1954; Accord, Swain v. Motor Co., 207 N.C. 755, 178 S.E. 560 (1935);Morgan v. Bank, 190 N.C. 209, 129 S.E. 585 (1925).
3. Plaintiff has failed to prove by the greater weight of the competent, credible evidence that an agent, officer, employee or involuntary servant of the Department of Correction committed a negligent act while acting within the scope of his office, employment, service agency or authority that resulted in any damages to plaintiff. N.C. Gen. Stat. § 143-291(a).
 ***********
The forgoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim under the law must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed to either party.
This the 1st day of March 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/__________ THOMAS BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER