Civil action to recover damages to goods of plaintiff allegedly negligently caused by fire while in possession of defendant as bailee pursuant to a written contract.
Plaintiff alleges in its complaint these facts in summary: That on or about 31 December, 1946, plaintiff delivered to defendant eight bales of cotton drill material it owned, and defendant accepted same pursuant to a contract and understanding between them, whereby defendant was to process the material for a fixed price to be paid by plaintiff, and return same to plaintiff in good, merchantable and usable condition; that on or about said date said material was damaged by fire while it was in possession and on the premises of defendant in Concord, North Carolina; that defendant failed to exercise that care for the protection of said material required of it as a bailee, and through its own negligence destroyed same, and failed to return it to plaintiff in good merchantable and usable condition as it had contracted and agreed to do, all to plaintiff's great damage as thereinafter set forth, and "that plaintiff is informed and so believes that the damage to the aforesaid material by fire was proximately caused by the negligence of defendant, acting by and through its agents, servants and employees," in that: Defendant (a) failed (1) "to exercise reasonable care in the handling of said material so that said material *Page 97 
became ignited"; and (2) "to properly safeguard said material and take reasonable precautions to prevent said material from becoming ignited while in its possession"; and (b) "carelessly and recklessly caused said material to become ignited."
Defendant, answering the complaint of plaintiff, admits that on or about 31 December, 1946, plaintiff owned certain eight bales of cotton drill material, which had been delivered to and accepted by, and was in possession of defendant, pursuant to a written contract; and that on or about said date the aforementioned bales of material were damaged by fire while in the possession of defendant on premises of the defendant in Concord, North Carolina; but denies all allegations of negligence.
And for further answer and in bar of plaintiff's right to recover, defendant avers: That the relationship between plaintiff and defendant with reference to the goods referred to in the complaint is determined by the provisions of a written contract, No. 2846, dated 20 February, 1946, among which is this provision: "All goods at our plant are at your risk of damage by fire or sprinkler leakage and all other casualties while in transit or in our possession. Insurance rate at our plant is one-tenth of one percent. We will insure upon request, duly acknowledged by us"; and that plaintiff did not request defendant to insure said goods, and defendant did not insure same.
On the trial in Superior Court it was stipulated and agreed by plaintiff and by defendant, through counsel, among other things, "that upon receipt of the involved material, the defendant placed same in its warehouse known as the old Buffalo Mill; that on the 31st day of December, 1946, at approximately 3:30 P. M., said material was loaded into a box car of the Southern Railway Company by employees of the Kerr Bleachery; that the Southern Railway Company moved said box car on said date a distance of approximately half a mile to a siding at the defendant's main plant in Concord, N.C.; that around 11:30 o'clock P. M. on the same date the material was discovered to be on fire; and that the aforementioned goods were received and accepted by defendant pursuant to a price quotation No. 2846, dated 20 February, 1946, addressed to plaintiff, subject to the terms and conditions appearing on said price quotation, a copy of which is attached to the answer.
And on such trial plaintiff first offered in evidence the admissions made by defendant in its answer as hereinabove stated. Then one C. L. Miller, as witness for plaintiff, testified: "As assistant chief of the Concord Fire Department at 11:40 P. M. on December 31, 1946, I received a call and we went to the Kerr Bleachery and found a box car on fire. The box car was on a side-track on property of Kerr Bleachery between two mills. It was necessary to go through a mill to get to the car. On arrival I could see nothing but smoke. The box car was opened under my supervision. *Page 98 
I don't recall whether it was sealed. The box car was hard to open and we used a crowbar. Two or three or four feet inside of the door, cloth and the side of the box car were on fire. The fire appeared to be from the inside. There was no evidence of fire from the outside. A good bit of the cloth had caught on fire."
And one Clifford Cress, also witness for plaintiff, testified: "I am a volunteer fireman and was present with Mr. Miller at the time of the fire which he described. When we got there we saw smoke coming out of the box car. The doors were shut. I couldn't say whether there was a seal on the box car. The door was opened with a crowbar. I did not see any fire burning from the outside. The fire was on the inside about 2 feet from the door on the left side at the bottom of the floor."
Thereupon plaintiff rested its case, and defendant entered motion for judgment as of nonsuit. The motion was allowed. And from judgment in accordance therewith, plaintiff appeals to Supreme Court and assigns error.
This action is predicated upon a bailment for the mutual benefit of plaintiff and defendant. The relation of plaintiff and defendant, in respect thereto, is that of bailor and bailee. The action is founded on negligence. The question, therefore, is whether the evidence introduced by plaintiff, plus the facts stipulated by the parties, is sufficient to withstand a motion for judgment as of nonsuit. The trial judge did not think so, and so ruled. But this Court entertains a contrary view, and holds that it is sufficient to take the case to the jury.
The factual situation thus presented is so nearly identical with that in the case of Hutchins v. Taylor-Buick Co., 198 N.C. 777, 153 S.E. 397, the decision here turns upon the decision there. And the facts stipulated are not so complete as to justify a holding that, as a matter of law, the prima facie case, relied upon by plaintiff, is explained away.
Thus, as stated in the Hutchins case, "in the absence of some fatal admission or confession, as against a demurrer to the evidence, or motion to nonsuit, a prima facie showing carries the case to the jury."
Hence on the authority of the case of Hutchins v. Taylor-Buick Co., supra, the judgment below is
Reversed. *Page 99