EVELYN W. McKISSICK v. R. CONNELLY JEWELERS, INC.

No. 7814DC669

(Filed 1 May 1979)

Bailment § 3.3— rings stolen from jeweler—duty to safeguard—no showing of breach of duty

In an action to recover damages for failure of defendant to return two rings which plaintiff had delivered to it for alteration and repairs where defendant alleged that the rings were stolen during a break-in at its jewelry store, the trial court properly determined that defendant's possession of plaintiff's rings was that of a bailee under a bailment for the mutual benefit of the

bailor and the bailee; the bailee was not an insurer and was liable only for such loss as proximately resulted from his failure to exercise ordinary care for the safekeeping of the rings; defendant was not required to carry insurance on plaintiff's property or to inform plaintiff of the lack thereof; and plaintiff failed to carry her burden of showing that defendant failed to exercise due care in safeguarding her property.

APPEAL by plaintiff from *Pearson, Judge.* Judgment entered 20 February 1978 in District Court, DURHAM County. Heard in the Court of Appeals 5 April 1979.

This is a civil action to recover damages for failure of defendant jewelry company to return two rings which plaintiff delivered to it for alteration and repairs. Defendant admitted receiving the rings, but defended on the grounds that they were stolen in a burglary of defendant's store by persons unknown without fault on its part. The case was tried by the court without a jury.

Plaintiff presented evidence to show, among other things, that for many years she was a customer of the defendant company, which operates a leading jewelry store in Durham, N.C. In October 1975 she delivered the two rings, valued at $4,000.00, to defendant to be made smaller and repaired. When she requested return of the rings, defendant informed her that they had been taken after a break-in at defendant's store by some person or persons unknown to defendant.

Defendant's evidence showed that on the night of 26 October 1975 some person or persons unknown broke into defendant's store, broke open the vault, and stole its contents, including plaintiff's rings and a large amount of defendant's property. Entry to the building had been gained by prying open a locked metal door between defendant's store and an adjoining vacant building, and entry into the vault had been effected by knocking off the dial to the combination lock and ripping open the door with a crowbar or other instrument. The vault was a walk-in vault, built into the building, and was approximately eight feet tall and five feet wide, with steel and concrete walls and a floor six to eight inches thick. It was manufactured by Diebold Safe Company and was Underwriters Lab approved to withstand extreme heat for four hours. The vault had formerly been used by Security Savings and Loan Association, a previous occupant of the building. It had never been broken into prior to 26 October 1975.

At the conclusion of the evidence, the court entered judgment making the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Prior to October 26, 1975, plaintiff delivered to defendant the items of jewelry described in the complaint, for alteration or repair to be performed by defendant for a consideration, at plaintiff's request.

2. Defendant was at the time in question in the jewelry sale and repair business, and received said items of jewelry from plaintiff and caused them to be placed for safekeeping in a vault which it kept and regularly used for the safekeeping of valuable items belonging to itself and to its customers.

3. On or about October 26, 1975, while defendant's business was closed, the premises of defendant were broken and entered by persons unknown, entry to the said vault was forced by metal tools, and many items of jewelry belonging to defendant and to its customers, including the plaintiffs' aforesaid items of jewelry, were stolen therefrom and the plaintiff's said items have not been recovered or located, and defendant cannot return plaintiff's said items to plaintiff.

4. There was no contract between the parties requiring defendant to purchase insurance against loss by theft of plaintiff's items, and there was no such insurance, and defendant has not recovered anything by way of indemnification or insurance or otherwise for the loss of plaintiff's items.

5. Defendant used due care under the circumstances to safeguard plaintiff's said items, and the loss thereof occurred as the result of a forced entry and burglary by persons unknown, and without fault on the part of defendant.

Upon the foregoing Findings of Fact, the Court draws the following

### CONCLUSIONS OF LAW

1. The relationship between plaintiff and defendant with respect to plaintiff's items of jewelry was that of a bailment for mutual benefit of the parties.

McKissick v. Jewelers, Inc.

2. Plaintiff was not damaged as a result of any negligence of defendant.

3. Plaintiff is not entitled to recover anything from defendant.

On these findings and conclusions, the court adjudged that plaintiff recover nothing of the defendant. From this judgment, plaintiff appeals.

*Major S. High for plaintiff appellant.*

*Roger S. Upchurch for defendant appellee.*

PARKER, Judge.

Plaintiff contends that the trial judge erred, first, in failing to find that the defendant had a duty either to carry insurance to protect plaintiff's property or to inform plaintiff there was no such insurance, and, second, in failing to find defendant negligent in caring for plaintiff's property. We find no error in either respect.

Defendant's possession of plaintiff's rings was that of a bailee under a bailment for the mutual benefit of the bailor and the bailee; "and in such case the duty of the bailee is to exercise due care and his liability depends upon the presence or absence of ordinary negligence." *Insurance Co. v. Motors, Inc.*, 240 N.C. 183, 184, 81 S.E. 2d 416, 418 (1954); *accord, Swain v. Motor Co.*, 207 N.C. 755, 178 S.E. 560 (1935); *Morgan v. Bank*, 190 N.C. 209, 129 S.E. 585 (1925). Unless made so by statute or by express contract, the bailee is not an insurer and is liable only for such loss or damage to the property as proximately results from his failure to exercise ordinary care for its safe keeping. *Insurance Co. v. Motors, Inc., supra; Beck v. Wilkins*, 179 N.C. 231, 102 S.E. 313 (1920). A *prima facie* case of actionable negligence, requiring submission of the issue to the jury, is made when the bailor offers evidence tending to show or it is admitted that the property was delivered to the bailee; that the bailee accepted it and thereafter had possession and control of it; and that the bailee failed to return the property or returned it in a damaged condition. *Wellington-Sears Co. v. Finishing Works*, 231 N.C. 96, 56 S.E. 2d 24 (1949). But even when there is such a *prima facie* case of negligence, the ultimate burden of proof of establishing actionable

negligence on the part of the defendant is on plaintiff, and this burden remains on the plaintiff throughout the trial. *Electric Corp. v. Aero Co.*, 263 N.C. 437, 139 S.E. 2d 682 (1965).

Applying these well established principles to the present case, defendant was not an insurer of plaintiff's property. On competent evidence the trial court found that there was no contract between the parties requiring defendant to purchase insurance. Not being required either by law or by contract to insure plaintiff's property, defendant was under no duty to inform plaintiff that there was no such insurance. The burden was on the plaintiff to show that defendant failed to exercise due care in safeguarding her property. She has failed to carry that burden with the finder of the facts, who on competent evidence has found that defendant used due care and that plaintiff's loss occurred as result of a burglary and without fault on the part of the defendant.

The judgment appealed from is

Affirmed.

Judges HEDRICK and CARLTON concur.