DEAN M. ASFAR, Plaintiff v. CHARLOTTE AUTO AUCTION, INC., Defendant

No. COA96-1516

(Filed 7 October 1997)

**Automobiles and Other Vehicles § 691 (NCI4th)— plaintiff struck as auto driven from auction building—res ipsa loquitur—evidence insufficient**

The trial court did not err by granting defendant's motion for a judgment notwithstanding the verdict in an action arising from an injury sustained by plaintiff when he was struck by an automobile as it was driven from an auction building where the evidence in the record did not support a conclusion that defendant failed to keep a proper lookout or that the vehicle was traveling at excessive speed. Plaintiff's argument that defendant was negligent under the theory of *res ipsa loquitur* failed because there was no evidence that defendant moved from a designated lane of travel.

ASFAR v. CHARLOTTE AUTO AUCTION, INC.

[127 N.C. App. 502 (1997)]

Appeal by plaintiff from judgment dated 18 September 1996 by Judge Richard D. Boner in Mecklenburg County District Court. Heard in the Court of Appeals 28 August 1997.

*Bednarik & Wamsley, by Paul G. Wamsley, for plaintiff appellant.*

*Crews & Klein, P.C., by James N. Freeman, Jr., for defendant appellee.*

GREENE, Judge.

Dean M. Asfar (plaintiff) appeals the trial court's judgment granting Charlotte Auto Auction, Inc.'s (defendant) motion for judgment notwithstanding the verdict (JNOV) and the granting of defendant's motion for a conditional new trial.

In this case, the plaintiff sustained an injury when he was hit by an automobile owned by the defendant and driven by an agent of the defendant. The complaint included, among other things, allegations that the defendant's agent failed to keep a proper lookout; failed to decrease the speed of the automobile; and that the automobile was driven at an unreasonable speed under the existing conditions.

The evidence reveals, when considered in the light most favorable to the plaintiff, *see Post & Front Properties v. Roanoke Construction Co.,* 117 N.C. App. 93, 449 S.E.2d 765 (1994) (review of JNOV grant requires evaluation of evidence in light most favorable to the non-moving party), that on 13 January 1993, the plaintiff attended an automobile auction owned and operated by the defendant. The plaintiff, along with Mr. Joseph Abraham (Mr. Abraham), an acquaintance who also later testified as a witness, were standing outside the auction building and watching the automobiles that were being auctioned inside. The automobiles were driven into the building through a large entrance located on one end of the building and were auctioned inside on an auctioning block. Afterwards, the automobiles were driven through the exit at the other end of the building. The plaintiff and the witness were standing at the exit end of the building to the side of the driveway on which the automobiles were driven through the building. The plaintiff saw a red automobile, driven by an agent of the defendant, while it was parked inside the auction building. The plaintiff then did not see the automobile until it struck his left foot and leg, causing him to fall. Mr. Abraham later testified that the automobile turned to the left just before it hit the plaintiff. Both

the plaintiff and Mr. Abraham asserted there were no visual obstructions between them and the exit to the auction building.

A jury verdict awarded the plaintiff damages against the defendant in the amount of $3,056.00. After the reading of the verdict but before entry of the judgment, the defendant moved for a JNOV pursuant to Rule 50(c) of the North Carolina Rules of Civil Procedure and for a conditional new trial pursuant to Rules 50(c) and 59 of the Rules of Civil Procedure. The trial judge granted the motions for JNOV and, in the alternative, a conditional new trial should the JNOV be vacated or remanded on appeal.

---

The dispositive issue is whether the plaintiff presented substantial evidence of the defendant's breach of duty.

This Court's review of a trial court's grant of a JNOV is the same as the review of the grant of a motion for directed verdict. *Ace, Inc. v. Maynard*, 108 N.C. App. 241, 245, 423 S.E.2d 504, 507 (1992), *disc. review denied*, 333 N.C. 574, 429 S.E.2d 567 (1993). The essential question is whether plaintiff met his burden at trial of presenting substantial evidence of his claim when all of the evidence is taken in the light most favorable to the plaintiff and all inconsistencies are resolved in favor of the plaintiff. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

This claim is based on negligence and "in order to prevail . . . the plaintiff[ ] must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." *Camalier v. Jeffries*, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995). In some instances, however, "the nature of the occurrence itself furnishes circumstantial evidence" of negligence, *Greene v. Nichols*, 274 N.C. 18, 27, 161 S.E.2d 521, 527 (1968), and these instances are recognized under the doctrine known as *res ipsa loquitur*. *Id.* Under this doctrine, when an automobile leaves a highway and does so without apparent cause "an inference of the driver's actionable negligence arises . . . ." *Id.* This doctrine is based on the common experience that an automobile traveling on a highway "does not suddenly leave it if the driver uses proper care." *Greene*, 274 N.C. at 26, 161 S.E.2d at 526.

The plaintiff relies on *res ipsa loquitur* and argues that the evidence in this case supports an inference of the defendant's negli-

gence. We disagree. In this case there is evidence that the automobile began to turn to the left but there is no evidence that the defendant was driving his automobile in a designated lane of travel and moved from that designated lane of travel. Thus, the fact that the defendant's automobile turned to the left is not indicative of any negligent conduct and there is, therefore, no inference that the defendant failed to use proper care.

The trial court, therefore, correctly granted the defendant's motion for JNOV. There simply is no evidence (direct or inferred) in this record that can support a conclusion that the defendant failed to keep a proper lookout. Furthermore, there is no evidence of excessive speed. Having affirmed the trial court's grant of a JNOV to the defendant, we need not address whether the trial court correctly granted the alternative motion for a conditional new trial.

Affirmed.

Judges WYNN and MARTIN, Mark D., concur.