BECKER v. N.C. DEP'T OF MOTOR VEHICLES

[177 N.C. App. 436 (2006)]

MADELINE BECKER, JOHN YAHN, DAVID BECKER, AND JOHN BECKER, PLAINTIFFS
v. N.C. DEPARTMENT OF MOTOR VEHICLES, DEFENDANT

No. COA05-669

(Filed 2 May 2006)

**Bailments— lawful seizure—implied bailment not created**

The Industrial Commission erred by concluding that a bailment was created by the lawful seizure of motor vehicles and parts from plaintiffs, who were alleged to be operating a junk yard and car dealership without a license. The seizure of property is a unilateral act which does not suggest the mutual intent necessary to form even an implied bailment contract. Moreover, there were no findings about breach of duty or proximate cause, no findings about the standard of care, and all of the findings indicated that defendant used commensurate care.

Appeal by defendant from Decision and Order entered 3 January 2005 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 March 2006.

*The Vincent Law Firm, P.C., by Branch W. Vincent, III.*

*Roy A. Cooper, III, Attorney General, by Dahr Joseph Tanoury, Assistant Attorney General, for the State.*

MARTIN, Chief Judge.

On 25 October 2001, plaintiffs filed claims with the North Carolina Industrial Commission for damages under the Tort Claims Act, alleging negligence on the part of the Department of Motor Vehicles and its agents and employees. The claim arose from the 27 October 1998 seizure and subsequent storage of numerous motor vehicles and vehicle component parts. Acting on an informant's tip that plaintiffs were operating a junk yard and car dealership without a license, DMV inspectors entered plaintiffs' property, noticed a forged window inspection sticker on a vehicle, and, upon further investigation, discovered that the public vehicle identification numbers (PVINs) on other vehicles either did not match the confidential vehicle identification numbers (CVINs) or were missing, which can be an indication of theft. Plaintiffs John and David Becker were arrested on misdemeanor and felony charges of violating the North Carolina Motor Vehicle code, and their vehicles were taken to Grant's

Texaco for holding while the criminal case was pending. The Industrial Commission found as a fact that "[t]his seizure created a bailment by implication, with the owners of the vehicles being the bailors."

At the time of the seizure, the DMV inspector informed plaintiffs that the vehicles were being seized due to the missing and altered PVINs, calling the title and rightful ownership of the vehicles into question. The vehicles could not be returned until proper vehicle identification numbers were applied for and assigned because it is illegal to possess a vehicle with a missing or altered PVIN. David Becker was acquitted of the criminal charges, and the charges against John Becker were dismissed by the district attorney. Plaintiffs requested special VIN numbers for the seized vehicles in 2001 and the vehicles were returned to plaintiffs, except for a junked white Camero plaintiffs exchanged with Grant's Texaco for the $600.00 storage fee. Other property was lost or damaged and a carburetor was also stolen from one of the vehicles while it was in storage, "but it is not known who stole it, how such persons gained access to the vehicle, or what acts or omissions, if any, on the part of Grant's contributed to the theft."

The Industrial Commission found that plaintiffs participated in repairing automobiles as a family hobby, and that due to this "collective experience in automobile and engine repair" they could "credibly assess the value of automobile parts that were either lost or damaged while in storage." The Commission found damages of $6,025.00 for David Becker, $2,050.00 for John Becker, $13,397.50 for John Yahn and $3,575.00 for Madeline Becker. Based on these facts, the Industrial Commission concluded as a matter of law that:

1. It is plaintiffs' burden to prove that all the elements of negligence, including that defendant breached an owed duty of care, and that the breach was the proximate cause of plaintiff's injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility.

2. Plaintiffs failed to show by the greater weight of the evidence that defendant's employees breached a duty of care owed to plaintiffs by defendant with respect to the arrests and criminal prosecutions. Plaintiffs are entitled to no damages for loss of wages, claimed emotional distress, costs of bail, or costs of criminal trial transcripts or costs of civil trial transcripts. In addition, defendant proved that plaintiffs' reputations were not harmed by

BECKER v. N.C. DEP'T OF MOTOR VEHICLES

[177 N.C. App. 436 (2006)]

the actions of the enforcement officers in the carrying out of their lawful duties.

3. It is well-settled that once a bailment contract is created between a bailor and bailee, either expressly or by implication, the bailee is charged with a duty of care to protect the bailed property from damage or loss. When a bailee fails to return or deliver the bailed property in an undamaged condition, the bailor may bring an action to recover damages for breach of bailment contract and/or negligence based on proof that the bailee failed to exercise due care to safeguard the bailed property from damage, loss, or theft. See 46 Am. Jur. Proof of Facts 3d 361.

4. Plaintiffs proved that employees of defendant seized their vehicles, creating a bailment by implication. Plaintiffs also proved that defendant failed to return or deliver the bailed property in an undamaged condition and that department [sic] failed to exercise due care to safeguard the bailed property from damage, loss, or theft.

5. Under the circumstances of this case, the damages set forth in paragraph 73 of the findings of fact are proper damages with respect to the negligence of defendant in failing to care for and return the bailed property.

The Industrial Commission ordered defendant to pay damages to plaintiffs in accordance with its findings. Defendant appeals.

Defendant argues that the Industrial Commission erred as a matter of law when it concluded that the lawful seizure created a bailment by implication between plaintiffs and defendant. For the reasons stated below, we agree.

Our standard of review under the Tort Claims Act is well established:

The standard of review for an appeal from the Full Commission's decision under the Tort Claims Act "shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." N.C. Gen. Stat. § 143-293 (2003).

Simmons v. Columbus Cty. Bd. of Educ., 171 N.C. App. 725, 727-28, 615 S.E.2d 69, 72 (2005). Our Supreme Court has stated that "to give

the Industrial Commission jurisdiction of a tort claim, the claim must be based on negligence." *Collins v. North Carolina Parole Commission*, 344 N.C. 179, 183, 473 S.E.2d 1, 3 (1996). To establish a claim for negligence under the Tort Claims Act, "plaintiff must show that (1) [defendant] owed plaintiff a duty of care; (2) the actions, or failure to act, by [defendant]'s named employee breached that duty; (3) this breach was the actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as a result of such breach." *Simmons v. N.C. Dept. of Transportation*, 128 N.C. App. 402, 406, 496 S.E.2d 790, 793 (1998); N.C. Gen. Stat. § 143-291 (2005).

Here, rather than make findings with respect to the issue of defendant's negligence, the Industrial Commission determined that a bailment was created by the lawful seizure of plaintiffs' vehicles, and, as a result, defendant could be held liable for any damage to plaintiffs' property. The Industrial Commission misconstrued the concept of bailment.

"This Court has previously held that a bailment is created upon the delivery of possession of goods and the acceptance of their delivery by the bailee." *Atlantic Contr'g & Material Co. v. Adcock*, 161 N.C. App. 273, 277, 588 S.E.2d 36, 39 (2003) (internal citation omitted). "Liability for any damages to the [goods] while in [bailee]'s possession turns upon the question of the presence or absence of actionable or ordinary negligence on its part." *Mills, Inc. v. Terminal, Inc.*, 273 N.C. 519, 521, 160 S.E.2d 735, 738 (1968). A bailor must offer evidence showing "that the property was delivered to the bailee; that the bailee accepted it and thereafter had possession and control of it; and that the bailee . . . returned it in a damaged condition" to create a prima facie case of negligence, and, once a prima face case has been made, the bailor retains the burden of proof. *McKissick v. Jewelers, Inc.*, 41 N.C. App. 152, 155-56, 254 S.E.2d 211, 213 (1979) (internal citations omitted).

Here there are no findings of fact regarding delivery and acceptance between plaintiffs and defendant. While the Commission concluded that defendant's "seizure created a bailment by implication," it made no findings of fact regarding any delivery of goods by plaintiffs or acceptance by defendant, which are necessary elements of a prima facie case of negligence on a bailment contract. The Commission found only that the property was seized, and after the criminal investigation was completed, the property was returned in damaged condition. The Industrial Commission failed to cite, and our own research does not reveal, any basis in the law of this State for the

proposition that a lawful seizure, pursuant to the government's police powers, creates a bailment of the property which is seized. We decline to extend the duty of care created by a bailment to lawful seizures. The seizure of property is a unilateral act which does not suggest the mutual intent necessary to form even an implied bailment contract.

Even assuming *arguendo* that the Industrial Commission's findings of facts support the conclusion that an "implied bailment" was created, its findings of fact remain inadequate to award plaintiffs damages. The finding of a bailment satisfies only the first element of a claim for negligence under the Tort Claims Act, establishing a duty of care; however, there are no findings of breach of this duty or proximate cause in this case. There are no findings of fact regarding the standard of care owed by either the officers or defendant regarding the storage of plaintiffs' goods after they had been seized, nor are there findings regarding the proximate cause of the damage, despite the implication that the vehicles were subject to theft while in storage. *See, e.g. McKissick*, 41 N.C. App. at 156, 254 S.E.2d at 213 (holding no recovery from bailee jewelry store in bailment for mutual benefit situation where items left for repair were stolen from bailee).

Instead, the findings by the Industrial Commission indicated that defendant used commensurate care, noting that 1) the length of time the property was stored was not unusual; 2) plaintiffs knew where their property was and why it was seized; and 3) unknown individuals stole the carburetor from the vehicle while it was at Grant's. The Commission left unresolved the question of Grant's liability regarding the carburetor. Moreover, plaintiffs' initial claim was for negligent investigation by defendant, and the Industrial Commission explicitly found that "[t]here has been no finding that the officers did not have probable cause for the arrests they made" and further found that the seizures were due to the missing PVINs and pending criminal charges.

Reversed.

Judges WYNN and STEPHENS concur.