***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen. Having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of Chief Deputy Commissioner Gheen.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On or about July 1, 2004, the plaintiff, Freddie Taylor (hereinafter "Taylor"), was incarcerated at the Alexander Correctional Institution and transferred to the segregation unit at Pasquotank Correctional Institution. *Page 2 
2. The North Carolina Department of Correction (hereinafter "NCDOC"), has standard procedures governing the amount of personal property allowed that inmates housed in a segregation unit may possess. When an inmate arrives at the segregation unit in possession of property over the allowable amount, NCDOC inventories the property on a standard Form, DC-160. An NCDOC officer and the inmate sign the DC-160 verifying the inmate's property placed into safekeeping. Upon the inmate's release into the general population, NCDOC returns the inmate's property placed into safekeeping, and the inmate signs a form acknowledging his receipt of property.
3. On July 1, 2004, NCDOC confiscated Taylor's personal property in excess of the established limit at Pasquotank Correctional Facility for inmates in segregation. NCDOC officers inventoried Taylor's excess property, and recorded the items to be placed in safekeeping on a DC-160 signed by Taylor and an NCDOC officer.
4. On September 28, 2004, Taylor was housed in another area of Pasquotank that provided storage that could accommodate Taylor's excess property. NCDOC did not return Taylor's property because he remained classified as an inmate in segregation. Taylor filed a grievance requesting the return of his property listed on the DC-160.
5. On or about October 6, 2004 Taylor received a report indicating that the property remained in the property room. Then NCDOC provided a conflicting report, indicating that Taylor's property was not in the property room used to store inmates' property.
6. On October 27, 2004, Taylor returned to the general inmate population at Alexander Correctional Institution with only a few personal items that he retained while in segregation, plus certain toiletries that he accumulated while he was housed in the segregation unit. NCDOC did not return his items recorded on the DC-160 held for safekeeping. *Page 3 
7. NCDOC conducted a search of the Pasquotank property room and did not locate Taylor's property, nor did they locate any documentation that would indicate that Taylor received the property listed on the DC-160 when he was transferred back to Alexander Correctional Institute.
8. The greater weight of the evidence establishes that the property listed on the DC-160 was never returned to Taylor and was lost while in defendant's exclusive possession.
9. Taylor testified that he purchased various items from the canteen: a lock and key for $2.00; fingernail clippers $.30; razor $.15; shower shoes $1.00; radio and ear buds $15.00; sneakers $32.00; and cosmetics $15.00.
10. Three bags, each approximately the size of a kitchen garbage bag, contained photocopied legal materials (statutes, case law and personal medical records). Taylor testified that he paid copy fees ranging from $.20 to $1.00 per page plus postage to obtain the documents based on the fees charged by the copy service or law library. Taylor did not establish the fair market value of the legal materials.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The North Carolina Court of Appeals has held that a lawful seizure of an inmates property, pursuant to the government's police powers, is a unilateral act which does not create a bailment. In addition, the Court of Appeals suggested that the unilateral taking of property pursuant to the police powers of the State "does not suggest the mutual intent necessary to form even an implied bailment contract." Becker v. N.C.Dept. of Motor Vehicles, 177 N.C. App. 436, *Page 4 628 S.E.2d 446, 449 (2006). The decision in Becker, however, involved a factual pattern that is distinguishable from the facts in the instant case. In Becker, DMV officers seized vehicles pursuant to a criminal arrest. This case raises questions of fact and law as to the application of the Court of Appeal's decision in Becker to his civil action. N.C. Gen. Stat. § 1A-1, Rule 56(c); American Nat. Elec. Corp. v. PoythressCommercial Contractors, Inc., 167 N.C. App. at 97, 604 S.E.2d at 315.
2. Plaintiff has shown, by the greater weight of the evidence, that defendants took bailment of plaintiff's property and through their negligence, lost several items. Defendant's negligence was the proximate cause of plaintiff's loss.
3. NCDOC employees and agents have a duty to exercise reasonable care in the storing and returning an inmate's personal property pursuant to NCDOC policy. Pennington v. Styron, 170 N.C. 80, 153 S.E. 2d 776 (1967). The loss of Taylor's personal property in contravention of NCDOC policy while in the exclusive possession of NCDOC agents and servants, in and of itself, suggests that one or more NCDOC employees or agents breached the duty of reasonable care. N.C. Gen. Stat. 143-291(a); Asfar v. CharlotteAuto Auction, Inc., 127 N.C. App. 502, 490 S.E.2d 598 (1997) (act itself may suggest some negligence). Taylor has proven by the greater weight of the evidence that NCDOC was negligent and violated the applicable standard of care in the handling of Taylor's personal property proximately resulting in the loss his personal property.
4. Taylor is entitled to the fair market value of his unreturned items of personal property on the date of its possession by NCDOC officers.Wilson v. Posey, 219 N.C. 261, 13 S.E.2d 416 (1941). *Page 5 
5. In a negligence action, a plaintiff can recover nominal damages where some legal right has been invaded but no actual loss or substantial injury has been sustained. Taylor has failed to prove the fair market value of the legal materials that were not returned by NCDOC officers. The legal materials had some value, which based upon the lack of proof, is nominal. Nick v. Baker, 125 N.C. App. 568, 481 S.E.2d 412 (1997).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Taylor shall have and recover from the NCDOC and the NCDOC shall pay Taylor the sum of One Hundred Dollars ($100.00) as money damages.
2. No costs assessed in this action as Taylor was permitted to file this civil action in forma pauperis.
This the 27th day of March, 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR *Page 6 
 S/___________________ DANNY L. MCDONALD COMMISSIONER *Page 1