***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rideout. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts with minor modifications the Decision and Order of Deputy Commissioner Rideout.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff filed an Affidavit with the North Carolina Industrial Commission on February 11, 2005 alleging that defendant's (hereinafter "NCDOC's") agents and employees had lost various items of his personal property. *Page 2 
2. Defendant filed a Motion To Dismiss and Answer on April 1, 2005. This Motion was denied by former Chief Deputy Commissioner Gheen.
3. Plaintiff was being transferred between NCDOC facilities and was instructed to pack his personal possessions in a bag.
4. Having done so, the bag was given to NCDOC employees and agents for transportation to the correctional institute to which plaintiff was being transferred.
5. When plaintiff arrived at the new facility, his bag was missing various items of personal property.
6. Defendant gave contradictory explanations, but ultimately contended that the missing items were contraband. However, as is usual and customary with items of contraband that are not also illegal to possess, plaintiff was not afforded an opportunity to have his personal items shipped to his family.
7. At the hearing before the deputy commissioner, plaintiff estimated the fair market value of these items to be $250.00. The evidence was not contradicted and the undersigned finds, as a fact, that the fair market value for these items is $250.00.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898,900 (1988). In order to prove negligence, *Page 3 
plaintiff must prove (1) existence of a duty to him, (2) a breach of that duty by the defendant (the named employees thereof in a tort claim), (3) the breach resulted in injury to plaintiff, and (4) plaintiff's injury was the proximate result of the breach of duty. Pulley v. Rex Hosp.,326 N.C. 701, 392 S.E.2d 380 (1990); Bolkhir, 321 N.C. at 709,365 S.E.2d at 900.
2. The North Carolina Court of Appeals has held that a lawful seizure of an inmates property, pursuant to the government's police powers, is a unilateral act which does not create a bailment. In addition, the Court of Appeals suggested that the unilateral taking of property pursuant to the police powers of the State "does not suggest the mutual intent necessary to form even an implied bailment contract." Becker v. N.C.Dept. of Motor Vehicles, 177 N.C. App. 436, 628 S.E.2d 446, 449 (2006). The decision in Becker, however, involved a factual pattern that is distinguishable from the facts in the instant case. In Becker, DMV officers seized vehicles pursuant to a criminal arrest. This case raises questions of fact and law as to the application of the Court of Appeal's decision in Becker to his civil action. N.C. Gen. Stat. § 1A-1, Rule 56(c); American Nat. Elec. Corp. v. Poythress Commercial Contractors,Inc., 167 N.C. App. at 97, 604 S.E.2d at 315.
3. Plaintiff has shown, by the greater weight of the evidence, that defendants took bailment of plaintiff's property and through their negligence, lost several items. Defendant's negligence was the proximate cause of plaintiff's loss.
4. As a matter of law, the fair market value of the items lost by defendant is $250.00.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 4 
 ORDER
1. Plaintiff is awarded $250.00 for the fair market value of the items lost through defendant's negligence.
2. Defendant shall pay the costs.
This the 27th day of March, 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1