* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Robert J. Harris and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to receive further evidence or to rehear the parties or their representatives; however upon reconsideration of the evidence, the Full Commission reverses the Decision and Order of the Deputy Commissioner, and enters the following Decision and Order.
 * * * * * * * * * * *
The following documents were admitted into evidence as:
 EXHIBITS
1. Defendant's Exhibit 1: Accident report *Page 2 
2. Defendant's Exhibit 2: Medical records
 * * * * * * * * * * * ISSUE
Plaintiff filed an Affidavit alleging that, through Defendant's negligence, Plaintiff was injured when he tripped and fell.
 * * * * * * * * * * *
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. On December 5, 2005, Plaintiff was incarcerated at Harnett Correctional Institution at the medium custody level.
2. That day, Plaintiff, who was then 66 years old, was being transported to Chapel Hill for radiation therapy for prostate cancer. As he was walking to the transfer van through the "sally port" of the prison, he tripped and fell, landing on a concrete surface.
3. When the incident occurred, Plaintiff was in full restraints, with a length of chain connecting his ankles and his hands cuffed in front of him and secured to a chain around his waist. However, the chain connecting his ankles was longer than what he was accustomed to, and he got tripped up by the chain. Plaintiff believed that the chain connecting his ankles was too long and that because of length of the chain, he stepped on it causing him to fall.
4. Because his hands were secured at waist level, Plaintiff was unable to get them up to break his fall. He injured his face, knuckles and both of his knees in the fall.
5. When Plaintiff fell, Correctional Officer McPherson was walking behind him. The other officer involved in the transfer was standing by the van. Plaintiff testified that he was normally able to walk on his own without assistance and the only thing that was different at the *Page 3 
time that he fell was that the chain was a little longer. Plaintiff had previously sustained a fall allegedly due to his shackles being too tight. When asked, upon what was his negligence claim based, Plaintiff testified, "I think is was due because of the shackles. They didn't normally have to hold me. They let me walk."
6. Neither Officer McPherson nor the other officer testified at the hearing, and no statement from either was introduced into evidence. Correctional Lieutenant Kenneth Addington testified in this matter. Lieutenant Addington is familiar with Defendant's policy on the use of restraints. He has never heard of an inmate complaining of his shackles being too long. It was more foreseeable that a shorter shackle would increase the risk of falling. As a general institutional policy, full restraints are used for the protection of the staff and the general public when an inmate is being moved. Some institutional standard operating procedures may vary in terms of when during a move full restraints are placed on an inmate.
7. Plaintiff sustained multiple abrasions to his face and right knee. Plaintiff's abrasions healed up normally without complication.
8. Since the incident, Plaintiff has had trouble with his right knee periodically "giving out," and he was provided a cane to assist him in walking shortly after the incident. Plaintiff is still using the cane.
9. Although Plaintiff had pre-existing arthritis in his knees, he had not had problems with either knee "giving out" prior to this incident.
10. Plaintiff was put on bed rest for about 30 days after the incident and has not had medical attention for the injuries he sustained in the fall since then.
 * * * * * * * * * * * *Page 4 
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). Plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his or her employment. Plaintiff must prove: (1) the existence of a duty; (2) a breach of that duty by the defendant; and, (3) an injury sustained as a proximate result of the breach of that duty. Becker v. N.C. Dept. of Motor Vehicles, 177 N.C. App. 436,628 S.E.2d 446 (2006), review denied, 361 N.C. 166, 639 S.E.2d 648 (2006).
2. Officer McPherson owed Plaintiff a duty to use reasonable care in placing him in restraints that would allow him to walk while being moved to an outside facility. The evidence of record shows that Officer McPherson did not breach his duty to exercise reasonable care when placing Plaintiff in the longer shackles or by failing to hold onto Plaintiff or by failing to be in a position to catch him when he began to fall. There is no evidence that institutional policies and procedures required Officer McPherson to hold onto Plaintiff as he walked. The Plaintiff's own testimony establishes that he did not need help in walking. Since the evidence establishes that Defendant followed established procedure and used reasonable care in moving Plaintiff while in full restraints, Plaintiff has not proven that Defendant breached any duty of reasonable care owed to him or that he was damaged as an actual and proximate result of the breach of a duty of care owed to him by Officer McPherson. Id. *Page 5 
3. As a result of Plaintiff's failure to meet his burden of proof, Plaintiff is not entitled to recover damages from Defendant. N.C. Gen. Stat. § 143-291 et seq. (2007); Taylor v. Jackson Training School,5 N.C. App. 188, 191, 167 S.E.2d 787, 789 (1969); Bailey v. N.C. Dept. ofMental Health, 2 N.C. App. 645, 651, 163 S.E.2d 652, 656 (1968).
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff shall recover no damages from Defendant.
2. No costs are taxed against Plaintiff as he was permitted to file this action in forma pauperis.
This the ___ day of May, 2009.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ DIANNE C. SELLERS COMMISSIONER
S/___________________ STACI T. MEYER COMMISSIONER *Page 1