***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission affirms the Decision and Order of Deputy Commissioner Donovan with modifications.
 ***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Plaintiff's Exhibit #1: Attorney correspondence
2. Defendant's Exhibit #1: Correspondence from Grievance Resolution Board
3. Defendant's Exhibit #2: Various grievance forms filed by plaintiff and responses *Page 2 
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On 3 April 2007, plaintiff was placed in segregation and his property was removed from his cell and placed into storage by Correctional Officers S. Morgan and W. Simons, employees or agents of defendant.
2. A DC-160 Form lists the property that was removed, including a number of canteen items, assorted correspondence, pictures, and legal documents. Defendant's agents, Officers Morgan and Simons were acting within the scope of their employment with defendant when they both signed a DC-160 Form indicating the items removed from the cell.
3. Defendant acknowledged the loss of plaintiff's property and either replaced or paid plaintiff the amount of $62.07 for the canteen goods. Plaintiff stated he received the money in question and has no further claim to the loss of his property beyond that of legal documents.
4. At the time of the property loss, plaintiff was engaged in the Federal appellate process, attempting to obtain review of his conviction. Included in the lost legal documents were trial transcripts, Federal appellate court documents, and two affidavits from witnesses.
5. As a result of the loss of the legal documents, plaintiff alleges that he missed a Federal Court filing deadline. Plaintiff has contacted the law firm of Cheshire, Parker, Schneider, Bryant Vitale to inquire of the costs for obtaining representation to attempt to re-open his Federal appeal. Plaintiff's Exhibit #1 is the response of attorney Joe Cheshire, who quotes an ultimate cost of $365,900.00 for plaintiff's case, and a non-refundable charge of $35,000.00 to interview plaintiff regarding his situation. *Page 3 
6. Plaintiff was able to obtain copies of the lost transcripts. Subsequent to plaintiff receiving the $62.07 payment for the canteen goods lost, defendant charged plaintiff the amount of $44.00 in costs for replacing the trial transcripts.
7. One of the witnesses who provided plaintiff with a statement has passed away. Plaintiff does not know whether that affidavit was submitted to the district attorney in his underlying case. The second witness appears to be available to provide a replacement affidavit. The correspondence and Federal appellate documents are replaceable.
8. Defendant has acknowledged the loss of plaintiff's property while in their possession. Defendant, through its agents, failed to return plaintiff's property without damage.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291 confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the NCDOC. N.C. Gen. Stat. § 143-291 et seq.; Ayscue v.Highway Comm'n., 270 N.C. 100, 153 S.E.2d 823 (1967); Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 325 N.C. 230,381 S.E.2d 792 (1989).
2. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. Under the *Page 4 
provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. State Univ.,321 NC 706, 365 SE2d 898 (1988).
3. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty. Pulley v. Rex Hosp., 326 NC 701, 392 SE2d 380
(1990).
4. Defendant and its agents have a duty to exercise reasonable care in the storing and returning an inmate's personal property pursuant to NCDOC policy. Pennington v. Styron, 170 N.C. 80, 153 S.E. 2d 776 (1967). The loss of plaintiff's personal property in contravention of NCDOC policy while in the exclusive possession of NCDOC agents and servants, in and of itself, establishes that one or more NCDOC employees or agents breached the duty of reasonable care. N.C. Gen. Stat. 143-291(a);Asfar v. Charlotte Auto Auction, Inc., 127 N.C. App. 502, 490 S.E.2d 598
(1997). Plaintiff has proven by the greater weight of the evidence that defendant was negligent and violated the applicable standard of care in the handling of plaintiff's personal property proximately resulting in the loss his personal property and legal materials.
5. Plaintiff is entitled to the fair market value of his unreturned items of personal property and legal materials on the date of its possession by defendant's officers. Wilson v. Posey, 219 N.C. 261,13 S.E.2d 416 (1941). Therefore, plaintiff is entitled to reimbursement for the missing items. This includes the costs of replacing those items that can be replaced, such as the transcripts for which plaintiff was charged a fee.
6. Plaintiff is not entitled to have his legal fees for an appellate review of his case paid for by defendant. He is entitled to proceed as an indigent pursuant to Federal Rules. However, plaintiff is entitled to recover monetary damages for the loss of his documents, the cost *Page 5 
and difficulty in obtaining their replacements, and the delay of his appeal in the reasonable amount of $150.00.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDERED
1. Defendant shall pay to plaintiff the amount of $150.00 in damages.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 8th day of July, 2009. S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER