***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Harris and the assignments of error and briefs before the Full Commission. Defendant has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence, the Full Commission AFFIRMS with modifications the Decision and Order of Deputy Commissioner Harris and enters the following Decision and Order.
 *********** RULING ON MOTION
Defendant's Motion for Consideration of New Evidence on Appeal is DENIED as the documents Defendant seeks to admit into evidence were readily available to Defendant prior to the hearing before the Deputy Commissioner.
 ***********
The following documents were proffered as evidence: *Page 2 
 EXHIBITS
1. Plaintiff's Exhibit 1: Grievance documents
2. Plaintiff's Exhibit 2: Accident report and incident report
3. Plaintiff's Exhibit 3: Witness statements
4. Plaintiff's Exhibit 4: Grievance documents
The Full Commission also reviewed mental health records maintained by Defendant for inmate X (the inmate who assaulted Plaintiff) for the period from March 16, 2003 through March 16, 2006. These records were produced to Deputy Commissioner Harris for in camera
review pursuant to Deputy Commissioner Harris' verbal order at hearing. These records are maintained by the Industrial Commission under seal pursuant to a Protective Order filed by Deputy Commissioner Harris on November 7, 2008.
 *********** ISSUE
Plaintiff filed an Affidavit alleging that, through Defendant's negligence, Plaintiff was injured when he was assaulted by another inmate.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On March 16, 2006, Plaintiff was an inmate at Defendant's Alexander Correctional Institution.
2. At about 10:30 a.m. on March 16, 2006, Plaintiff stepped out of his cell to go get water to make some coffee. He encountered another inmate, Inmate X, who was walking past Plaintiff's cell. Inmate X stopped, and Plaintiff told him he could go ahead. Inmate X told *Page 3 
Plaintiff to go ahead, which Plaintiff did. As Plaintiff proceeded forward, without any warning or provocation, Inmate X struck him in the mouth from behind with a small transistor radio that Inmate X held in his hand.
3. The blow opened up a five-centimeter-long gash on Plaintiff's right upper lip that required six sutures to close. The wound took several months to heal, and Plaintiff still has numbness in his lip from the wound. He also has permanent visible scarring extending above the lip.
4. Plaintiff had never spoken with Inmate X before this incident. To Plaintiff's knowledge, Inmate X had never threatened Plaintiff before this incident.
5. Plaintiff contends that Inmate X was mentally ill, that this assault grew out of Inmate X's mental illness, and, most importantly for purposes of this claim, that Defendant's employees knew or should have known of Inmate X's propensities and should have taken reasonable precautions to shield the general prison population, including Plaintiff, from him. Plaintiff notes that Alexander Correctional Institution has a mental health unit, and Plaintiff contends that Inmate X should have been housed in it.
6. Inmate X had recently been transferred to Alexander, on February 8, 2006, from Lanesboro Correctional Institution. At Lanesboro, Inmate X had recently been placed in disciplinary segregation for assaulting another inmate on December 19, 2006. Inmate X had also recently refused to continue taking his antipsychotic medication, and, as recently as January 10, 2006, the staff psychologist noted that Inmate X was having auditory hallucinations. The psychologist also noted that Inmate X was paranoid that "the Masons" were out to get him. The Axis I diagnosis for Inmate X was Schizophrenia, Paranoid Type. *Page 4 
7. The Full Commission has reviewed the mental health records and finds a basis in the records from which Defendant's employees should have concluded, in the months leading up to Inmate X's transfer to Alexander, that he posed an imminent danger of random, unprovoked violence, particularly in light of the fact that Inmate X did assault another inmate at Lanesboro on December 19, 2006, less than two months before his transfer to Alexander.
8. Defendant's correctional officers at Alexander became aware, after the transfer but before the March 16, 2006 assault, that Inmate X was behaving strangely and "hearing voices." During this period, Inmate X claimed to be receiving color codes from the televisions telling him to harm other inmates and staff. Inmate X further claimed that voices were telling him that everyone was out to get him and that he needed to strike first.
9. The behavior set out in Paragraph 8 above is consistent with the Full Commission's reading of the mental health records.
10. The correctional officers on duty at Alexander would laugh at Inmate X's strange behavior prior to the assault upon Plaintiff.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Bolkhir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). To prove negligence, Plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his or her employment. Plaintiff must show (1) the existence of a duty; (2) a breach of that *Page 5 
duty by the defendant; (3) an injury sustained; (4) as a proximate result of the breach of duty. Becker v. N.C. Dept. of MotorVehicles, 177 N.C. App. 436, 628 S.E.2d 446 (2006), reviewdenied, 361 N.C. 166, 639 S.E.2d 648 (2006).
2. Defendant's employees owed Plaintiff a duty of reasonable care not to expose him to a mentally ill inmate with tendencies toward and a history of random, unprovoked violence. Defendant's employees knew or reasonably should have known that Inmate X posed a danger, in the general population, of committing acts of random, unprovoked violence.
3. Defendant's employees breached the duty of reasonable care by housing Inmate X in the general inmate population.
4. As an actual and proximate result of Defendant's employees' breach of their duty of reasonable care, Plaintiff sustained damages when Inmate X randomly attacked him.
5. Plaintiff is entitled to receive money damages from Defendant for his injury and scarring. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, t he Full Commission enters the following Order:
 ORDER
1. Defendant SHALL pay the sum of $500.00 to Plaintiff as money damages.
2. Defendant shall pay the costs of these proceedings.
This the ___ day of February, 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ PAMELA T. YOUNG CHAIR
S/___________________ DANNY L. McDONALD COMMISSIONER